IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MADELYN CASILAO; HARRY LINCUNA;      )
and ALLAN GARCIA, on behalf of       )
themselves and all others similarly situated,   )
                                     )
     Plaintiffs,             )
                                     )
v.                                   )          Case No. 5:17-cv-00800-SLP
                                     )
HOTELMACHER, LLC d/b/a HOLIDAY       )
INN EXPRESS; STEAKMACHER, LLC        )
d/b/a MONTANA MIKE'S STEAKHOUSE;     )
SCHUMACHER INVESTMENTS, LLC d/b/a    )
WATER ZOO; APEX USA, INC.; WALTER    )
SCHUMACHER; and CAROLYN              )
SCHUMACHER,                          )
                                     )
     Defendants.             )

**DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

     Defendants Hotelmacher, LLC d/b/a Holiday Inn Express, Walter Schumacher, Carolyn Schumacher, Steakmacher, LLC d/b/a Montana Mike's Steakhouse, Schumacher Investments, LLC d/b/a Water Zoo and Apex USA, Inc. ("Defendants" collectively), for their answer to Plaintiffs' Class Action Complaint [Dkt. 1], state as follows:

     1.    Paragraph 1 of the Class Action Complaint contains no legal or factual allegations which require a response by Defendants.

**INTRODUCTION**

     2.    Defendants admit that the Schumachers have owned and operated several hospitality businesses in Clinton, Oklahoma, including a hotel, large restaurant and

waterpark.  Defendants deny the remaining allegations contained in paragraph 2 of the Class Action Complaint.

3.      Defendants deny the allegations contained in paragraph 3 of the Class Action Complaint.

4.      Defendants deny the allegations contained in paragraph 4 of the Class Action Complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the Class Action Complaint.

6.      Defendants admit that Plaintiffs were from the Philippines and worked in Oklahoma on temporary H-2B visas because of a shortage of U.S. workers to fill available jobs but specifically deny that Plaintiffs worked for all "Defendants" as is implied by paragraph 6 of the Class Action Complaint.  Defendants deny the remaining allegations contained in paragraph 6 of the Class Action Complaint.

7.      Paragraph 7 of the Class Action Complaint contains no legal or factual allegations which require a response by Defendants.

## JURISDICTION AND VENUE

8.      Defendants admit this Court has subject matter jurisdiction over Plaintiffs' claims.

9.      Defendants admit this Court has subject matter jurisdiction over Plaintiffs' claims.

10.     Defendants admit venue is proper in this Court.

## PARTIES

**A.    Plaintiffs**

11.    Defendants admit the allegations contained in paragraph 11 of the Class Action Complaint.

12.    Defendants admit Plaintiff Harry Lincuna is an individual who was recruited in 2012 from the Philippines for work in the United States pursuant to an H-2B visa and that he ultimately worked at Hotelmacher LLC doing business as the Holiday Inn Express in Clinton, Oklahoma upon his arrival in the United States.  Defendants deny the remaining allegations contained in paragraph 12 of the Class Action Complaint.

13.    Defendants admit the allegations contained in paragraph 13 of the Class Action Complaint.

**B.    Defendants**

14.    Defendants admit the allegations contained in paragraph 14 of the Class Action Complaint.

15.    Defendants admit that Defendant Steakmacher LLC is an Oklahoma limited liability company but denies the remaining allegations contained in paragraph 15 of the Class Action Complaint because Steakmacher LLC no longer does business as Montana Mike's Steakhouse.

16.    Defendants admit the allegations contained in paragraph 16 of the Class Action Complaint.

17.    Defendants admit the allegations contained in paragraph 17 of the Class Action Complaint.

18.     Defendants admit the allegations contained in paragraph 18 of the Class Action Complaint.

19.     Defendants admit APEX USA Inc. was a not-for-profit Oklahoma corporation that was once headquartered in Clinton, Oklahoma.  Defendants deny the remaining allegations contained in paragraph 19 of the Class Action Complaint.

20.     Defendants admit the allegations contained in paragraph 20 of the Class Action Complaint.

21.     The allegations contained in paragraph 21 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 21 of the Class Action Complaint are denied.

## RELEVANT NON-PARTIES

22.     The allegations contained in paragraph 22 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 22 of the Class Action Complaint are denied.

## STATEMENT OF FACTS

**A.     The Global Human Trafficking Epidemic**

23.     Defendants admit that Plaintiffs are Filipino nationals but deny the remaining allegations contained in paragraph 23 of the Class Action Complaint.

24.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 24; therefore they are denied.

4

25.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 25; therefore they are denied.

26.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 26; therefore they are denied.

27.     Defendants admit Congress passed the Trafficking Victims Protection Act of 2003 ("TVPRA").  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 27; therefore they are denied.

28.     The allegations contained in paragraph 28 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 28 of the Class Action Complaint are denied.

**B.     Human Trafficking Is Prevalent in the U.S. Hospitality Industry.**

29.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 29; therefore they are denied.

30.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 30; therefore they are denied.

31.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 31; therefore they are denied.

32.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 32; therefore they are denied.

33.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 33; therefore they are denied.

**C.      Laws Regulating the Recruitment of Filipino Nationals for H-2B Employment in the U.S.**

34.      Defendants admit the identified statutes and regulations exist and state that the language contained therein speaks for itself.

35.      Defendants admit the identified statutes and regulations exist and state that the language contained therein speaks for itself.

36.      Defendants admit the identified statutes and regulations exist and state that the language contained therein speaks for itself.

37.      The allegations contained in paragraph 37 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 37 of the Class Action Complaint are denied.

**D.      Laws Regulating the Overseas Employment of Filipino Nationals**

38.      The allegations contained in paragraph 38 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 38 of the Class Action Complaint are denied.

39.      The allegations contained in paragraph 39 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 39 of the Class Action Complaint are denied.

E. **In Order to Staff Hospitality Jobs in Oklahoma, Defendants Intentionally Misrepresented That They Would Comply with H-2B Program Requirements.**

40.     Defendants admit that Hotelmacher LLC, Steakmacher LLC and Schumacher Investments, LLC sponsored the H-2B visas of Plaintiffs and other individuals in order to fill labor shortages but deny the remaining allegations contained in paragraph 40 of the Class Action Complaint.

41.     Defendants admit that Hotelmacher LLC, Steakmacher LLC and Schumacher Investments, LLC applied with the DOL for temporary labor certifications to employ H-2B workers in Oklahoma at various times and state that their applications and resulting certifications by the DOL speak for themselves.  Defendants deny the remaining allegations contained in paragraph 41 of the Class Action Complaint.

42.     Defendants state that the subject temporary labor certifications speak for themselves.  Defendants deny the allegations contained in paragraph 42 of the Class Action Complaint to the extent inconsistent with the contents of said certifications.

43.     Defendants state that the subject ETA Form 9142 speaks for itself. Defendants deny the allegations contained in paragraph 43 of the Class Action Complaint to the extent inconsistent with the contents of said form.

44.     Defendants state that the subject applications speak for themselves. Defendants deny the allegations contained in paragraph 44 of the Class Action Complaint to the extent inconsistent with the contents of said applications.

45.     Defendants deny the allegations contained in paragraph 45.

46.     Defendants state that the subject forms speak for themselves.  Defendants deny the allegations contained in paragraph 46 of the Class Action Complaint to the extent inconsistent with the contents of said forms.

47.     Defendants state that the subject forms speak for themselves.  Defendants deny the allegations contained in paragraph 47 of the Class Action Complaint to the extent inconsistent with the contents of said forms.

48.     Defendants state that the subject forms speak for themselves.  Defendants deny the allegations contained in paragraph 48 of the Class Action Complaint to the extent inconsistent with the contents of said forms.

49.     Defendants admit the DOL reviewed and approved temporary labor certification applications submitted by Hotelmacher LLC, Steakmacher LLC and Schumacher Investments, LLC, which led various H-2B workers to come to the United States for temporary employment.  Defendants deny the remaining allegations contained in paragraph 49 of the Class Action Complaint.

**F.     Defendants Recruited Plaintiffs and Putative Class Members in the Philippines under Fraudulent Terms to Work in Oklahoma**

50.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 50; therefore they are denied.

51.     Defendants admit that certain recruiters were retained to assist Hotelmacher LLC, Steakmacher LLC and Schumacher Investments, LLC in recruiting Filipino nationals to apply for H-2B employment in the United States and that Walt Schumacher traveled periodically to the Philippines.  However, Defendants deny that all "recruitment

efforts" by the identified recruiters were "under the direction" of Walt Schumacher. Defendants deny the remaining allegations contained in paragraph 51 of the Class Action Complaint.

52.     Defendants admit that offer letters were supplied to prospective H-2B candidates and that the language contained in said offer letters speaks for itself. Defendants deny the allegations contained in paragraph 52 of the Class Action Complaint to the extent inconsistent with the language contained in said letters.

53.     Defendants admit Plaintiff Casilao was sent an offer letter and are aware of its terms (which speak for themselves) but are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 53 of the Class Action Complaint; therefore, the remaining allegations are denied.

54.     Defendants admit Plaintiff Lincuna was sent an offer letter and are aware of its terms (which speak for themselves) but are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 54 of the Class Action Complaint; therefore, the remaining allegations are denied.

55.     Defendants admit Plaintiff Garcia was sent an offer letter and are aware of its terms (which speak for themselves) but are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 55 of the Class Action Complaint; therefore, the remaining allegations are denied.

56.     Defendants admit offer letters were sent to individuals besides Plaintiffs and are aware of their terms (which speak for themselves) but are without sufficient information or knowledge to admit or deny the remaining allegations contained in

paragraph 55 of the Class Action Complaint; therefore, the remaining allegations are denied.

57.     The allegations contained in paragraph 57 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 57 of the Class Action Complaint are denied.

58.     Defendants deny the allegations contained in paragraph 58 of the Class Action Complaint.

**G.     Defendants Hid the Extent of Recruitment and Travel Fees from Putative Class Members**

59.     Defendants deny the allegations contained in paragraph 59 of the Class Action Complaint.

60.     Defendants admit that the process to obtain an H-2B visa can be lengthy, consists of various steps including interviews and medical processing, and requires exit approval from POEA.  Defendants also admit various recruiters were retained to assist with that process.  Defendants deny the remaining allegations contained in paragraph 60 of the Class Action Complaint.

61.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 61; therefore they are denied.

62.     Defendants are without sufficient information to admit or deny the allegations contained in paragraph 62; therefore they are denied.

63.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 63; therefore they are denied.

64.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 64; therefore they are denied.

65.    Defendants deny the allegations contained in paragraph 65 of the Class Action Complaint.

66.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 66; therefore they are denied.

67.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 67; therefore they are denied.

68.    Defendants deny the allegations contained in paragraph 68 of the Class Action Complaint.

69.    Defendants admit their representatives prepared and sent Plaintiffs and other Filipino nationals the subject I-129 applications, the contents of which speak for themselves.  Defendants deny the remaining allegations contained in paragraph 69 of the Class Action Complaint.

**H.    Plaintiffs and Putative Class Members are Forced to Labor for Defendants in Oklahoma under Terms and Conditions that Breached Their Employment Contracts and Violated Regulatory Requirements, Resulting in Threat of Serious Harm**

70.    Defendants deny the allegations contained in paragraph 70 of the Class Action Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of the Class Action Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Class Action Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Class Action Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Class Action Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Class Action Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Class Action Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Class Action Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Class Action Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Class Action Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Class Action Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Class Action Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Class Action Complaint.

**I.      Defendants' Ongoing Methods of Intimidation and Manipulation.**

83.     Defendants deny the allegations contained in paragraph 83 of the Class Action Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Class Action Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Class Action Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Class Action Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Class Action Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Class Action Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Class Action Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Class Action Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Class Action Complaint.

## CLASS ACTION ALLEGATIONS

92.   Plaintiffs' allegations speak for themselves.   Defendants deny the allegations contained in paragraph 92 to the extent inconsistent with those allegations.

93.   Plaintiffs' allegations speak for themselves.   Defendants deny the allegations contained in paragraph 93 to the extent inconsistent with those allegations.

94.   Plaintiffs' allegations speak for themselves.   Defendants deny the allegations contained in paragraph 94 to the extent inconsistent with those allegations.

**A.   Rule 23(a).**

95.   The allegations contained in paragraph 95 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 95 of the Class Action Complaint are denied.

96.   The allegations contained in paragraph 96 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 96 of the Class Action Complaint are denied.

97.   The allegations contained in paragraph 97 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 97 of the Class Action Complaint are denied.

98.   The allegations contained in paragraph 98 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the

extent a response is required, the allegations of paragraph 98 of the Class Action Complaint are denied.

99.     The allegations contained in paragraph 99 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 99 of the Class Action Complaint are denied.

100.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 100; therefore they are denied.

**B.     Rule 23(b)(3).**

101.    The allegations contained in paragraph 101 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 101 of the Class Action Complaint are denied.

102.    The allegations contained in paragraph 102 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 102 of the Class Action Complaint are denied.

## **FIRST CLAIM FOR RELIEF**

### **Violations for the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. § 1595 Against All Defendants.**

103.    Defendants incorporate by reference their responses to paragraphs 1-102 above as though fully set forth herein.

104.    Defendants state that the nature of Plaintiffs' claim speaks for itself.

105.    The allegations contained in paragraph 105 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 105 of the Class Action Complaint are denied.

106.    The allegations contained in paragraph 106 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 106 of the Class Action Complaint are denied.

107.    The allegations contained in paragraph 107 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 107 of the Class Action Complaint are denied.

108.    The allegations contained in paragraph 108 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 108 of the Class Action Complaint are denied.

109.    The allegations contained in paragraph 109 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 109 of the Class Action Complaint are denied.

110.   The allegations contained in paragraph 110 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 110 of the Class Action Complaint are denied.

111.   The allegations contained in paragraph 111 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 111 of the Class Action Complaint are denied.

112.   The allegations contained in paragraph 112 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 112 of the Class Action Complaint are denied.

113.   The allegations contained in paragraph 113 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 113 of the Class Action Complaint are denied.

114.   The allegations contained in paragraph 114 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 114 of the Class Action Complaint are denied.

115.   The allegations contained in paragraph 115 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the

extent a response is required, the allegations of paragraph 115 of the Class Action Complaint are denied.

116.   The allegations contained in paragraph 116 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 116 of the Class Action Complaint are denied.

## SECOND CLAIM FOR RELIEF

### BREACH OF WRITTEN EMPLOYMENT CONTRACT
**(Under Oklahoma State Law)**
**Against All Defendants.**

117.   Defendants incorporate by reference their responses to paragraphs 1-117 above as though fully set forth herein.

118.   Defendants state that the nature of Plaintiffs' claim speaks for itself.

119.   Defendants state that the nature of Plaintiffs' claim speaks for itself.

120.   The allegations contained in paragraph 120 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 120 of the Class Action Complaint are denied.

121.   The allegations contained in paragraph 121 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 121 of the Class Action Complaint are denied.

122.   The allegations contained in paragraph 122 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 122 of the Class Action Complaint are denied.

123.   The allegations contained in paragraph 123 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 123 of the Class Action Complaint are denied.

124.   The allegations contained in paragraph 124 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 124 of the Class Action Complaint are denied.

125.   The allegations contained in paragraph 125 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 125 of the Class Action Complaint are denied.

## THIRD CLAIM FOR RELIEF

**THIRD-PARTY BENEFICIARY CLAIM FOR BREACH OF CONTRACT**
**(Under Oklahoma State Law)**
**Against All Defendants.**

126.   Defendants incorporate by reference their responses to paragraphs 1-125 above as though fully set forth herein.

127.   Defendants state that the nature of Plaintiffs' claim speaks for itself.

128.    Defendants state that the nature of Plaintiffs' claim speaks for itself.

129.    The allegations contained in paragraph 129 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 129 of the Class Action Complaint are denied.

130.    The allegations contained in paragraph 130 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 130 of the Class Action Complaint are denied.

131.    The allegations contained in paragraph 131 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 131 of the Class Action Complaint are denied.

132.    The allegations contained in paragraph 132 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 132 of the Class Action Complaint are denied.

133.    The allegations contained in paragraph 133 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 133 of the Class Action Complaint are denied.

134.    The allegations contained in paragraph 134 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 134 of the Class Action Complaint are denied.

135.    The allegations contained in paragraph 135 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 135 of the Class Action Complaint are denied.

136.    The allegations contained in paragraph 136 of the Class Action Complaint constitute legal conclusions for which no response is required from Defendants.  To the extent a response is required, the allegations of paragraph 136 of the Class Action Complaint are denied.

The allegations of the "WHEREFORE" paragraph of the Class Action Complaint constitute legal conclusions to which no response from Defendants is required.  To the extent a response is required, Defendants deny the same.  Each and every other allegation not heretofore specifically answered is denied.  Defendants further responds that Plaintiffs are not entitled to the relief requested and pray that Plaintiffs take nothing by way of their claims.

## AFFIRMATIVE DEFENSES

Defendants set forth their affirmative defenses below. By setting forth these affirmative defenses, Defendants do not admit or otherwise concede that any of the claims alleged in the Class Action Complaint are properly directed at Defendants, nor do

Defendants assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing in these affirmative defenses is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.  Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

1.      Plaintiffs' Class Action Complaint fails to state a claim on which relief may be granted.

2.      Plaintiffs' claims are barred in whole or in part by regulation and/or statute.

3.      Plaintiffs' claims are barred in whole or in part by collateral estoppel and/or res judicata.

4.      Plaintiffs' claims are barred in whole or in part by compromise and settlement.

5.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

6.      Plaintiffs' claims are barred in whole or in part by the following doctrines: estoppel (legal and equitable), laches, illegality, fraud, assumption of risk, waiver, acquiescence, consent, knowledge, abandonment of contract (if any), election of remedies, unclean hands and payment.

4.      No act, breach, or omission of Defendants either proximately caused or contributed to whatever damages, if any, Plaintiffs may have sustained and, on account thereof, Plaintiffs are not entitled to any recovery from Defendants.

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, were proximately caused either by Plaintiffs themselves or by third parties over whom Defendants have no control.

6.      Plaintiffs failed to mitigate their damages, if any.

7.      Any claim for punitive damages is barred because of the provisions of the Oklahoma Constitution and the Constitution of the United States as set out more specifically below:

a.      Any claim for punitive damages in this case would amount to a denial of substantive due process and procedural due process in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, because damages might be imposed based upon a burden of proof which does not rise to the level of clear, cogent or convincing evidence.

b.      Plaintiffs' claim for punitive damages violates Defendants' rights to access to the courts guaranteed by the Seventh and Fourteenth Amendments of the United States Constitution, since the threat of an award of unlimited punitive damages chills Defendants' exercise of rights to free access to the courts and violates Article II, Section II-6 of the Oklahoma Constitution requiring that all courts shall be open.

c.      Any claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution in that the standard for determining the requisite mental state of the defendant or imposition of punitive damages is void for vagueness. There are no objective

23

guidelines on which the finder of fact may base its award, and the tests or standards for which punitive damages are awarded differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, and may result in different amounts of punitive damages, depending upon the state in which the suit is filed, thereby resulting in disparate treatment of similarly situated defendants because of economic advantage or disadvantage and, thus deny Defendants due process and equal protection of the law.

       d.      Any award of punitive damages in this case would be excessive and disproportionate to the award of compensatory damages thus violating principles of due process and equal protection of the laws.

       e.      Any award of punitive damages in this case would constitute an excessive fine in violation of Article II, Section II-9 of the Oklahoma Constitution.

8.      As discovery is continuing, Defendants reserve the right the right to amend this Answer to assert additional defenses and/or claims, as appropriate.

WHEREFORE, having fully answered, Defendants Hotelmacher, LLC d/b/a Holiday Inn Express, Walter Schumacher, Carolyn Schumacher, Steakmacher, LLC d/b/a Montana Mike's Steakhouse, Schumacher Investments, LLC d/b/a Water Zoo and Apex USA, Inc., pray that Plaintiffs take nothing by way of their Class Action Complaint, and that Defendants be awarded their costs and attorney fees, if appropriate, and such other and further relief as Defendants may be entitled to in law or in equity.

Respectfully submitted,

*s/ Kevin R. Donelson*

Kevin R. Donelson, OBA No. 12647
C. Eric Shephard, OBA No. 22299
A. Wayne Billings, OBA No. 31483
FELLERS, SNIDER, BLANKENSHIP,
    BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK 73102-9211
Telephone:    (405) 232-0621
Facsimile:    (405) 232-9659
Email:        kdonelson@fellerssnider.com
              eshephard@fellerssnider.com
              wbillings@fellerssnider.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

*s/ Kevin R. Donelson*

749026/76901