**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MADELYN CASILAO, HARRY LINCUNA, and ALLAN GARCIA, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>HOTELMACHER LLC, dba HOLIDAY INN EXPRESS; STEAKMACHER, LLC, dba MONTANA MIKE'S STEAKHOUSE; SCHUMACHER INVESTMENTS, LLC, dba WATER ZOO; APEX USA, INC.; WALTER SCHUMACHER; and CAROLYN SCHUMACHER,<br><br>        Defendants. | Case No.: CIV-17-800-SLP |

**PLAINTIFFS' REPLY MEMORANDUM
IN FURTHER SUPPORT OF ITS MOTION TO STRIKE
<u>THE EXPERT REPORT AND TESTIMONY OF GREG H. BRISTOL</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT .........................................................................................................................1

I.     DEFENDANTS IGNORE WHY THE FACT THAT MR. BRISTOL'S EXPERTISE AND METHODOLOGY ARISE FROM HIS CRIMINAL EXPERIENCE RENDERS HIS OPINIONS UNHELPFUL TO THE COURT .................1

II.    DEFENDANTS CANNOT REBUT THE UNRELIABILITY OF MR. BRISTOL'S CONCLUSIONS ...............................................................................3

    A.    MR. DEBACA'S PREPARATION FAR EXCEEDED MR. BRISTOL'S REVIEW OF DOCUMENTS ..................................................................4

    B.    NO AUTHORITY SUPPORTS DEFENDANTS' POSITION THAT REBUTTAL EXPERTS ARE HELD TO A LOWER STANDARD UNDER *DAUBERT* ..................................................................5

CONCLUSION......................................................................................................................6

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

Aguirre v. Best Care Agency, Inc.,
    961 F. Supp. 2d 427 (E.D.N.Y. 2013) ................................................................ 3

Alexander v. Halliburton Energy Services, Inc.,
    No. CIV-11-1272-M, 2015 WL 11233093 (W.D. Okla. Aug. 31, 2015) ............... 6

In re Aluminum Warehousing Antitrust Lit.,
    No. 14-cv-3116-PAE, 2020 WL 4218329 (S.D.N.Y. July 23, 2020) ..................... 6

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
    509 U.S. 579 (1993) ............................................................................................ 6

Graves v. Mazda Motor Corp.,
    675 F. Supp. 2d 1082 (W.D. Okla. 2009),
    aff'd, 405 F. App'x 296 (10th Cir. 2010) ............................................................. 2

Henkel v. Wagner, 12-cv-4098 (AJN),
    2016 WL 1271062 (S.D.N.Y. Mar. 29, 2016) ..................................................... 6

Menocal v. GEO Grp., Inc.,
    882 F.3d 905, 919-22 (10th Cir.),
    cert. denied, 139 S. Ct. 143, 202 L. Ed. 2d 34 (2018) ........................................ 3

Ricchio v. Bijal, Inc.,
    424 F. Supp. 3d 182 (D. Mass. 2019) ................................................................. 2

Valley View Angus Ranch, Inc. v. Duke Energy Field Services, LP,
    No. CIV-04-191-D, 2008 WL 7489089 (W.D. Okla. July 22, 2008) ................... 5

**STATUTES**

18 U.S.C. § 1595 ........................................................................................... 1, 2, 3

18 U.S.C. § 1589 ................................................................................................ 2, 3

## PRELIMINARY STATEMENT

The report and testimony offered by Defendants' expert, Greg H. Bristol, in support of Defendants' motion for class certification is unreliable and should be excluded. Instead of confronting the substance of Plaintiffs' critiques regarding Mr. Bristol's qualifications and methodology, Defendants' Response ignores the evidence presented by Plaintiffs -- including Mr. Bristol's own testimony, makes unsupported generalizations regarding the basis for a civil action under the TVPRA and misstates the law governing rebuttal experts. In doing so, they ignore why Mr. Bristol's opinions -- rebuttal or not -- are not helpful to the Court: he unreliably applies inapplicable experience to an inapplicable and unreliable method.

## ARGUMENT

### I. DEFENDANTS IGNORE WHY THE FACT THAT MR. BRISTOL'S EXPERTISE AND METHODOLOGY ARISE FROM HIS CRIMINAL EXPERIENCE RENDERS HIS OPINIONS UNHELPFUL TO THE COURT

Defendants fail to rebut Plaintiffs' explanation of why Mr. Bristol's experience and proposed methodology are unhelpful to the Court: Mr. Bristol's experience in *pre-indictment criminal investigations* has no bearing on whether the Plaintiffs and other class members in this case can prevail in a civil action under 18 U.S.C. § 1595. The severity of harm necessary to convince a prosecutor to criminally prosecute human trafficking -- and, as such, the lens through which Mr. Bristol evaluated the evidence here -- is far more stringent than what is necessary for a finding of civil liability under the TVPRA. Moreover, as Mr. Bristol himself testified, prosecutors must consider practical factors, such as a lack of resources, prosecutorial discretion, and

1

political priorities, that are not directly tied to whether the case meets the elements of a trafficking claim under either the criminal or civil standard. See Dkt. 157 at 6. Thus, his red flag analysis -- which was developed to determine whether allegations of trafficking were sufficiently serious to warrant presentation to a grand jury -- has limited relevance to the question of whether the evidence presented in this civil action satisfies the elements for civil liability under the TVPRA. Because the purposes of the two analyses are different, especially in light of the additional considerations weighed by a prosecutor in deciding to charge a defendant, the red flag methodology that Mr. Bristol relies on is simply irrelevant and unhelpful to the Court in determining whether the Plaintiffs can ultimately prove a civil claim. See Graves v. Mazda Motor Corp., 675 F. Supp. 2d 1082, 1092-93 (W.D. Okla. 2009) (citation omitted), aff'd, 405 F. App'x 296 (10th Cir. 2010) ("[T]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.").

Moreover, although the Defendants argue that the elements of a trafficking claim under 18 U.S.C. § 1595 and 18 U.S.C. § 1589 are "identical," they are not. In particular, courts have held that the *mens rea* required for a criminal "knowingly benefited" claim under 18 U.S.C. § 1589(b) is higher than the *mens rea* required for a civil "knowingly benefited" claim under 18 U.S.C. § 1595. While a prosecutor must show knowledge or reckless disregard of the trafficking scheme, civil plaintiffs need only show negligence. Ricchio v. Bijal, Inc., 424 F. Supp. 3d 182, 194 (D. Mass. 2019). Thus, "it is possible for a defendant to be civilly liable without having violated any of the

criminal portions of the TVPA, because the statute permits recovery under a civil standard even in the absence of proof of intentional conduct." Id. Further, criminal actions brought under § 1589 require a higher standard of proof than civil actions under § 1595 based on a § 1589 violation. Aguirre v. Best Care Agency, Inc., 961 F. Supp. 2d 427, 443 (E.D.N.Y. 2013) (observing that "[c]ivil liability for forced labor under 18 U.S.C. § 1589 requires a finding by a preponderance of the evidence"). Of particular relevance in the class certification context is the Tenth Circuit's support for the use of reasonable inferences to satisfy the "by means of" element of a civil TVPRA claim on a class-wide basis. Menocal v. GEO Grp., Inc., 882 F.3d 905, 919-22 (10th Cir.), cert. denied, 139 S. Ct. 143, 202 L. Ed. 2d 34 (2018).

## II. DEFENDANTS CANNOT REBUT THE UNRELIABILITY OF MR. BRISTOL'S CONCLUSIONS

Even if Mr. Bristol's pre-indictment methodology was appropriate here, Mr. Bristol's opinion should still be excluded because he did not reliably apply the evidence in this case to his own methodology. In their Response, Defendants do not -- and cannot -- explain how Mr. Bristol could have reliably come to the conclusion that no evidence of trafficking exists when he failed to review a majority of the documents in this case. Importantly, rather than making affirmative findings -- as Mr. deBaca does -- about what the evidence to date shows *did* occur, Mr. Bristol's report consists almost entirely of statements about what things *did not* occur based on his review of a limited set of documents. Defendants cannot explain how Mr. Bristol could reliably opine on whether evidence of an event does or does not exist, if he did not review a substantial portion of

that evidence. Instead of explaining to the Court why Mr. Bristol's analysis is reliable, as they have the burden to do, Defendants attempt to draw false parallels between the reviews conducted by Mr. Bristol and Mr. deBaca and attempt to rely on the misguided notion that Mr. Bristol should be held to a lesser standard as a "rebuttal expert." Both arguments fail.

A. **Mr. deBaca's Preparation Far Exceeded Mr. Bristol's Review Of Documents**

As an initial matter, Defendants' attempt to draw parallels between Mr. deBaca's preparation and Mr. Bristol's preparation is unsupported by both expert's reports and their testimony. Defendants contend that Plaintiffs did not show why the documents Mr. Bristol reviewed were inadequate, but ignore Mr. Bristol's own testimony that he did not receive or review categories of documents that he testified would be relevant to making a determination about a human trafficking claim. See Dkt. 157 at 12, n.8. In addition, Mr. deBaca reviewed a significant number of documents from the Department of Labor's investigative files and report that Mr. Bristol was aware of but chose to ignore. See, e.g., Ex. 1, Bristol Dep. Tr. 143:20-144:8 ("[Q:] Did you receive any documents or review any documents from the DOL investigation in forming your opinion? [A:] No, I did not. [Q:] Did you ask for any documents related to the investigation from the defendants' counsel? [A:] No, I did not."); Ex. 1, Bristol Dep. Tr. 161:14-21 ("[Q:] Did you look at the list of documents that Mr. deBaca reported that he reviewed? [A:] Well, you mentioned the Department of Labor report. [Q:] And did you review that document? [A:] No, I did not."). Mr. Bristol's decision to ignore the fruit of the government's

investigation is particularly curious when his own red flag analysis was originally designed to be used during such investigations.

Mr. Bristol's and Mr. deBaca's testimony about the processes they used also show that Mr. deBaca's process for preparing his report was more reliable. First, Mr. deBaca explained to Plaintiffs' counsel what types of documents would be necessary for him to review in order to offer sound opinions, and Plaintiffs' counsel provided those documents to him. By contrast, Mr. Bristol relied entirely on Defendants' counsel to select the types of documents that he would review. Second, Mr. deBaca was retained by Plaintiffs on February 6, 2020, four months before his expert opinion was due, giving him ample time to request and review the materials he identified as relevant to his opinion. Ex. 2, deBaca Dep. Tr. 76:21, 176:5-9. By contrast, as an explanation for why he did not review more documents, Mr. Bristol admitted it was because he had been given only ten days to complete his analysis. Ex. 1, Bristol Dep. Tr. 160:21-25.

**B.     No Authority Supports Defendants' Position That
        Rebuttal Experts Are Held To A Lower Standard Under *Daubert***

Perhaps recognizing the weaknesses of Mr. Bristol's opinion, Defendants also attempt to argue that, "[w]here rebuttal evidence is expert testimony, the Daubert analysis is less strenuous." Dkt. 174 at 9. This is plainly not the law. As courts in this district have observed, "where the rebuttal testimony is proffered by an expert witness, the Court must perform its Daubert 'gatekeeping' obligation and determine whether the testimony is sufficiently reliable to be admissible under Rule 702." Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., LP, No. CIV-04-191-D, 2008 WL 7489089, at

5

*1 (W.D. Okla. July 22, 2008) (rejecting argument that because rebuttal expert critiques methodology of another his "rebuttal opinion does not require specific expertise"); see also Alexander v. Halliburton Energy Servs., Inc., No. CIV-11-1272-M, 2015 WL 11233093, at *2 (W.D. Okla. Aug. 31, 2015) (noting that the United States Supreme Court held that "Rule 702 requires the trial court to 'ensure that *any and all* scientific testimony or evidence admitted is not only relevant, but reliable'" (quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)) (emphasis added)).

Unsurprisingly, Defendants cannot point to any authority to support their claim that a lower standard applies to rebuttal reports. In fact, the cases Defendants cite for that proposition -- which have no precedential value to this Court -- applied the full Daubert standard in determining the admissibility of the challenged rebuttal testimony. See Henkel v. Wagner, 12-cv-4098 (AJN), 2016 WL 1271062, at *12 (S.D.N.Y. Mar. 29, 2016) (denying motion to preclude rebuttal experts where they were qualified and offered sound methodologies); In re Aluminum Warehousing Antitrust Lit., No. 14-cv-3116-PAE, 2020 WL 4218329, at *23 (S.D.N.Y. July 23, 2020) (same).

## CONCLUSION

For all of the foregoing reasons, the Court should strike the report and testimony of Mr. Bristol in their entirety.

Dated: November 9, 2020					Respectfully Submitted,

*/s/ Catherine Fisher*
Meghan Lambert (OBA #33216)
ACLU OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Telephone:	(405) 525-3831
Facsimile:	(405) 524-2296
Email:		mlambert@acluok.org

George Warner, Pro Hac Vice
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone:	(415) 864-8848
Facsimile:	(415) 593-0096
Emails:		gwarner@legalaidatwork.org

Eben Colby, Pro Hac Vice
Catherine Fisher, Pro Hac Vice
500 Boylston Street, 23rd Floor
Boston, MA 02116
Telephone:	(617) 573-4800
Facsimile:	(617) 573-4822
Emails: eben.colby@probonolaw.com
	catherine.fisher@probonolaw.com

Christopher J. Willett, Pro Hac Vice
Caitlin Boehne, Pro Hac Vice
Rebecca Eisenbrey, Pro Hac Vice
EQUAL JUSTICE CENTER
510 Congress Ave., Ste. 206
Austin, Texas 78704
Telephone:	(512) 474-0007
Facsimile:	(512) 474-0008
Emails: cwillett@equaljusticecenter.org
	cboehne@equaljusticecenter.org
	reisenbrey@equaljusticecenter.org

***Attorneys for Plaintiffs***