UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MADELYN CASILAO, HARRY LINCUNA, and ALLAN GARCIA, on behalf of themselves and all others similarly situated,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>HOTELMACHER LLC, dba HOLIDAY INN EXPRESS; STEAKMACHER, LLC, dba MONTANA MIKE'S STEAKHOUSE; SCHUMACHER INVESTMENTS, LLC, dba WATER ZOO; APEX USA, INC.; WALTER SCHUMACHER; and CAROLYN SCHUMACHER,<br>　　　　Defendants. | Case No.: CIV-17-800-SLP |

### NOTICE OF PARTIES' POSITIONS AND AGREEMENTS REGARDING PROPOSED CLASS NOTICE AND DISTRIBUTION PLAN

Pursuant to the Court's request at the October 27, 2021 Status Conference, the parties respectfully submit for the Court's consideration a proposed Class Notice, attached hereto as Exhibit 1, and the parties' respective positions as to whether said Class Notice should be distributed at this time:

1.　　The Parties have met and conferred regarding Plaintiffs' proposed notice plan. Pursuant to those discussions, Plaintiffs propose that class notice be distributed as described below. Plaintiffs respectfully submit that this notice plan provides "the best notice practicable under the circumstances," as required by Fed. R. Civ. P. 23(c)(2)(B). Defendants object to distribution of class notice pursuant to any notice plan at this time for the reasons set forth below and reserve all objections they have to class certification.

**Plaintiffs' Position on Distribution of Class Notice**

2. Due to the nature of the Class and the length of time that has passed since the Class members worked for Defendants, any mailing address information contained in Defendants' records will no longer be accurate. Accordingly, Class Counsel designed a multi-faceted Notice Plan described below with the goal of reaching as many Class Members as possible.

**Emailed Notice**

3. A proposed written notice is attached hereto as Exhibit 1. As required by Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, the proposed notice states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, and defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the manner for requesting exclusion and a space to indicate the deadline for making such a request; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

4. The notice includes an opt-out procedure that allows any Class Member who wishes to be excluded from the Class to do so by sending a letter or email to Class Counsel. As described in the notice, any opt-out request must be received by 90 days from the date notice is emailed, or 45 days from the date the notice is re-emailed, whichever is later.

5. No more than 30 calendar days after the Court approves the proposed class notice and distribution plan, Class Counsel will email the written notice, in English and

Tagalog, to any email addresses for each Class Member contained in the records produced by the parties.

### **Publication Notice**

6. In addition to the Emailed Notice, Class Counsel will distribute publication notice that will direct Class Members to a website containing the class notice. The proposed means of publication notice are described below. Class Counsel will begin distribution of the publication notice on the same day it distributes the Emailed Notice.

> a. *Website:* Class Counsel will create a website containing the class notice information in both English and Tagalog and link to important case documents. The proposed website text is attached hereto as Exhibit 2.
>
> b. *Publication Notice:* Class Counsel will publish a shortened version of the notice as an advertisement in no fewer than two Filipino-American newspapers. The proposed ad copy, which directs readers to visit the website, is attached hereto as Exhibit 3.

7. It is Plaintiffs' position that the proposed notice plan is the "best notice practicable under the circumstances." *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997) (quoting Fed. R. Civ. P. 23(b)(3)). "[A]ctual notice to each party intended to be bound by the adjudication of a representative action" is not needed. *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005). Instead, individual class members must receive individual notice only if they can be identified "through reasonable effort." *Id.* Courts in the Tenth Circuit have approved class

notice even if it cannot be mailed directly to class members. *See, e.g., id.* at 946 (upholding notice plan even though notice was sent to brokerage houses and not directly to class); *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 696 (D. Colo. 2006) (publication notice sufficient where it would take "months of effort and huge expenditure" to create a list of potential class members in ADA action).

### Defendants' Position Regarding Distribution of Class Notice

8.  Although the parties have reached an agreement regarding the form and content of a proposed Class Notice (see Exhibit 1), Defendants object to the distribution of any Class Notice at this time due to the fact that the United States Court of Appeals for the Tenth Circuit has not yet rendered a decision on Defendants' Petition for Permission to Appeal ("Petition") this Court's class certification decision.

9.  Defendants respectfully submit that the Court should stay the distribution of class notice until the Tenth Circuit renders its decision on Defendants' Petition. Defendants' position is supported by the Manual for Complex Litigation, which states as follows: "[i]f the appeal is from a grant of certification, the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." Ann. Manuel Complex Lit. § 21.28 (4th ed.); *see also,* 3 Newberg on Class Actions § 8:11 (5th ed.) (noting that, in the context of a Rule 23(f) appeal, "[n]otifying the class in those circumstances could then require re-sending the notice if the appellate court reverses, a situation that is likely to cause confusion."). Consistent with this reasoning, numerous federal district courts have stayed the dissemination of class notice while Rule

4

23(f) appeals were pending. *See, e.g., In re Rail Freight Fuel Surcharge Antitrust Litigation,* 286 F.R.D. 88 (D.D.C. 2012); *In re: Southeastern Milk Antitrust Litigation,* 2011 WL 13122693 (E.D. Tenn. Jan. 19, 2011); *Jenkins v. Hyundai Motor Financing Co.,* 2008 WL 2268319 (S.D. Ohio June 2, 2008); *Beattie v. Centurytel, Inc.,* 2006 WL 1722207 (E.D. Mich. June 20, 2006); *Ramierz v. DeCoster,* 203 F.R.D. 30 (D. Me. 2001).

10. Defendants further advise the Court that they intend to file their formal Motion to Stay by November 19, 2021, as ordered by the Court at the October 27, 2021 Status Conference, unless their Petition is denied in advance of that deadline.

Dated:  November 5, 2021

/s/ Catherine Fisher
Meghan Lambert (OBA #33216)
ACLU OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Telephone:   (405) 525-3831
Facsimile:   (405) 524-2296
Email:   mlambert@acluok.org

George Warner, *Pro Hac Vice*
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone:   (415) 864-8848
Facsimile:   (415) 593-0096
Emails:   gwarner@legalaidatwork.org

Eben P. Colby, *Pro Hac Vice*
Catherine Fisher, *Pro Hac Vice*
500 Boylston Street, 23rd Floor
Boston, MA 02116
Telephone:   (617) 573-4800
Facsimile:   (617) 573-4822
Emails: Eben.Colby@probonolaw.com
          Catherine.Fisher@probonolaw.com

Respectfully Submitted,

/s/ C. Eric Shephard
*(signed by filing attorney with permission)*
C. Eric Shephard, OBA No. 22299
A. Wayne Billings, OBA No. 31483
Fellers, Snider, Blankenship, Bailey & Tippens, PC
100 N. Broadway Ave., Suite 1700
Oklahoma City, OK  73102
Telephone:  (405) 232-0621
Facsimile:  (405) 232-9659
Email:  eshephard@fellerssnider.com
          wbillings@fellerssnider.com

*Attorneys for Defendants*

Alyssa Musante, *Pro Hac Vice*
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone:   (213) 687-5223
Facsimile:    (213) 621-5223
Email:  Alyssa.Musante@probonolaw.com

Christopher J. Willett, *Pro Hac Vice*
Caitlin Boehne, *Pro Hac Vice*
EQUAL JUSTICE CENTER
314 E. Highland Mall Blvd., Ste. 401,
Austin, Texas 78752
Telephone:   (512) 474-0007
Facsimile:    (512) 474-0008
Emails:  cwillett@equaljusticecenter.org
            cboehne@equaljusticecenter.org

***Attorneys for Plaintiffs***