## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

MADELYN CASILAO, HARRY
LINCUNA, and ALLAN GARCIA, on
behalf of themselves and all others
similarly situated,

              Plaintiffs,

      v.

HOTELMACHER LLC, dba HOLIDAY
INN EXPRESS; STEAKMACHER, LLC,
dba MONTANA MIKE'S STEAKHOUSE;
SCHUMACHER INVESTMENTS, LLC,
dba WATER ZOO; APEX USA, INC.;
WALTER SCHUMACHER; and
CAROLYN SCHUMACHER,

        Defendants.

Case No.: CIV-17-800-SLP

## <u>DECLARATION OF GEORGE A. WARNER</u>

I, GEORGE A. WARNER, pursuant to 28 U.S.C. § 1746, declare and state
as follows:

1.      I am an attorney duly licensed to practice law in the State of California and
am one of appointed Class Counsel in the above-captioned case. This declaration is based
upon my personal knowledge and is true to the best of my knowledge and belief.

2.      I make this declaration in support of Plaintiffs' Unopposed Motion for
Preliminary Approval of the Class Action Settlement and for the purpose of transmitting
to the Court true and correct copies of the documents described below.

**The Settlement Agreement**

3.     Plaintiffs Madelyn Casilao, Harry Lincuna, and Allan Garcia, on behalf of themselves and all other members of the putative class (collectively, "Plaintiffs"), and Defendants Hotelmacher LLC, DBA Holiday Inn Express; Steakmacher, LLC, DBA Montana Mike's Steakhouse; Schumacher Investments, LLC, DBA Water Zoo; Apex USA, Inc.; Walter Schumacher; and Carolyn Schumacher ("Defendants") have reached an agreement to settle this Action pursuant to the terms of the Settlement Agreement, attached hereto as **Exhibit 1**.  Attached hereto as **Exhibit 2** is a proposed Preliminary Approval Order.

4.     Class Counsel represents that there are no agreements related to the settlement other than those reflected in the Settlement Agreement itself.

5.     The Class, which is defined identically to the Class already certified by this Court, includes 23 people.

6.     The Settlement provides substantial benefits to the members of the Class. The Settlement provides a non-reversionary settlement fund of $730,000. The settlement allocates funds for settlement administration and allows counsel to seek approval to receive compensation for costs, attorneys' fees, and class representative service awards from the settlement fund. The net settlement fund, after the maximum allocations allowed under the agreement, will be at least $458,500.

7.     The class members spent in total 1,653 days in Clinton, Oklahoma while working for Defendants, according to the new hire forms in the personnel files produced by Defendants, payroll records, and letters of resignation in the personnel files. On

average, the class members spent slightly less than seventy two days in Clinton, Oklahoma while working for Defendants.  Class members will receive, on average, over $19,934.78 from the settlement, or around $277 a day for time spent in Clinton, Oklahoma while working for Defendants. This amounts to a substantial recovery on the Class members' claims.

8.      Class member distributions are allocated according to a damages model prepared by Class Counsel in preparation for trial, based on discovery produced by Defendants and pertinent case law. Compensatory damages included in the damages model used to calculate distribution payments are recruitment and travel costs, estimated at $3,000 for all class members, uncompensated living expenses, estimated at $185 a week, and emotional distress damages, which were estimated at $400 a day. For purposes of settlement distributions, Plaintiffs did not include estimated wage damages, as those damages were de minimis compared to other sources of damages, and covered in large part by the enforcement action brought by the Department of Labor under the Fair Labor Standards Act.

9.      As discussed in greater detail in the Settlement Agreement, the notice plan and distribution plan are intended to reach as many class members as possible. Substantial efforts are being made to provide notice of the settlement to class members, and class members are being provided the option to request payment via a number of secure electronic means, including ACH and PayPal, or by physical check. If a class member does not fill out a claim form, a check will be mailed to the class member so long as Class Counsel or the Settlement Administrator is aware of an address that has

3

been associated with the class member.  If a claimant does not cash the check within 60-days of the date it was mailed, the settlement contemplates a second opportunity for class members to receive notice of the settlement and request payment before any residual distributions are made.  The Settlement Administrator is also able to send payments to class members who live internationally.

**Litigation Prior to Settlement**

10.   Plaintiffs' counsel engaged in substantial litigation in this matter:

    a.   Class Counsel successfully opposed Defendants' seven motions to dismiss all claims and strike the class allegations.

    b.   Counsel reviewed the discovery produced by the Defendants in this action and related action, *Francis v. APEX USA Inc.*, No. 5:18-cv-583-SLP (W.D. Okla.).  Defendants produced over 30,000 pages of documents between the two actions.  Counsel also produced relevant documents from each Plaintiff.

    c.   Class Counsel engaged two human trafficking experts to submit reports regarding human trafficking and its impact on the Class.

    d.   Class Counsel took twelve depositions in this action over the course of three years.

    e.   Class Counsel defended seven depositions in this action, including the depositions of the three named plaintiffs, two additional class members, and two experts.

f.   Class Counsel also engaged in significant informal discovery. Among other efforts, Plaintiffs' counsel conducted interviews with a number of class members, filed public records requests on a number of agencies, including the Department of Homeland Security and the Department of State, interviewed other former employees of Defendants, and conducted research on Defendants' business structures.

g.   Class Counsel successfully opposed a motion to compel and moved for a protective order to prevent the disclosure of Class Members' current locations, immigration and employment status in January 2020.  Dkt Nos. 85, 88.  The protective order was granted on February 4, 2020. Dkt. No. 96.

h.   Plaintiffs moved for class certification in September 2020.  Dkt. No. 139.  The Court granted this motion in September 2021 and shortly thereafter appointed Plaintiff's counsel as Class Counsel.  Dkt. Nos. 187, 197.

i.   Class Counsel defeated an effort by Defendants to have the class certification order overturned by the Tenth Circuit under Federal Rule of Civil Procedure 23(f).

j.   Class Counsel prepared significant pretrial filings in advance of the initial pretrial conference in October 2022, including proposed exhibit lists, proposed deposition designations, proposed jury instructions, proposed voir dire, and motions in limine.

    k.  Class Counsel moved for discovery sanctions in September 2022, which were in large part granted in October 2022.  Dkt. Nos. 267, 277.

    l.  Class Counsel prepared oppositions to both Defendants' initial motion to decertify the class, and Defendants' renewed motion to decertify the class.  Dkt. Nos. 224, 292.

    m.  Class Counsel also drafted a motion for partial summary judgment and a motion for further discovery sanctions.  Neither motion was filed at the time a settlement was agreed to in this case.

**Efforts at Mediation**

11.    Class Counsel, Defendants' counsel, and counsel for Philadelphia Indemnity Insurance Company, which insured one or more of the Defendants, engaged in substantial efforts to reach a settlement in this case.  On April 12, 2023, the parties attended a full day mediation with Joe Hampton, a respected mediator in employment cases.  Plaintiffs Casilao, Lincuna and Garcia were available by phone during this mediation.

12.    The parties engaged in a full-day settlement conference on November 8, 2023, with Magistrate Judge Suzanne Mitchell.  Plaintiff Casilao attended this settlement conference in person, and Plaintiffs Lincuna and Garcia were available by phone.  In advance of that conference, the parties engaged in substantial discussion and exchange of offers.

13.     After the parties reached a tentative agreement on November 8, 2023, the parties exchanged drafts of a comprehensive settlement agreement.  The settlement agreement was signed on January 26, 2024.

**Efforts to Obtain Contact Information for All Class Members**

14.     In December 2021, the Court approved the Plaintiffs' proposed notice to the class of the certification decision, and Plaintiffs distributed the approved class notice by email, website and publication.  No class member contacted Class Counsel to opt-out of the Class following distribution of the class notice.

15.     Plaintiffs' counsel are in active communication with the vast majority of the class.  Since the settlement conference, Class Counsel has engaged in email or phone correspondence with 20 of the 23 class members, after sending a solicitation to class members with known email addresses asking for updated contact information, and requesting that the class members connect Class Counsel if they have information regarding the remaining class members who were not in touch with Class Counsel.

16.     Class Counsel has a reliable email address for one of the three remaining class members, and had spoken to him previously regarding this action.

17.     Class Counsel has also searched for updated contact information for class members using Lexis People Search, Accurint, and Facebook, and has identified a reliable mailing addresses for one of the remaining three class members.

18.     Upon information and belief, the third class member who Class Counsel is not in touch with currently is now deceased.

**Class Counsel's Opinion on the Settlement**

19.     It is Class Counsel's opinion that the settlement is fair, reasonable, and adequate considering the significant benefits to the Class as well as the risks and delays attendant to further protracted litigation.  Class Counsel has substantial experience litigating class action lawsuits, wage and hour lawsuits, and lawsuits asserting claims under the prohibition against forced labor.

20.     Plaintiffs' damages model projected that if the class were meritorious at trial, Defendants would be liable for roughly $794,000 in compensatory damages. Those damages included $69,000 in recruitment costs, based on estimated costs of roughly $3,000 per person, over $45,000 in living expenses, based on estimated living expenses of roughly $185 a week, and over $661,000 in emotional distress damages, if the jury awarded emotional distress damages at a rate of $400 per day spent in Clinton, Oklahoma while employed for Defendants.

21.     If the jury awarded only $200 per day in emotional distress damages, compensatory damages under Plaintiffs' model would be reduced to roughly $463,000. If the jury awarded only $170 per day in emotional distress damages, compensatory damages under Plaintiffs' model would be reduced to roughly $414,000.

22.     Class Counsel also projected, for purposes of the damages model, that the jury would award punitive damages at a ratio of 2:1 if fully meritorious.

I declare under penalty of perjury that the foregoing is true and correct.  Executed

on January 26, 2024, in San Francisco, California.

s/ *George Warner*
(Signed by Filing Attorney with permission of Attorney)

s/ *Catherine Fisher*
(Filing Attorney)

George A. Warner
Calif. Bar No. 320241
Attorneys for the Plaintiffs
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA  94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
gwarner@legalaidatwork.org