EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MADELYN CASILAO, HARRY LINCUNA, and ALLAN GARCIA, on behalf of themselves and all others similarly situated, | Case No.  5:17-cv-00800-SLP |
| Plaintiffs, | **CLASS ACTION SETTLEMENT AGREEMENT** |
| v. | |
| HOTELMACHER, LLC, dba HOLIDAY INN EXPRESS; STEAKMACHER, LLC, dba MONTANA MIKE'S STEAKHOUSE; SCHUMACHER INVESTMENTS, LLC, dba WATER ZOO; APEX USA, INC.; WALTER SCHUMACHER; and CAROLYN SCHUMACHER, | |
| Defendants. | |

Plaintiffs, MADELYN CASILAO, HARRY LINCUNA, and ALLAN GARCIA, on behalf of themselves and all others similarly situated ("Class Representatives" or "Plaintiffs"); and Defendants, HOTELMACHER, LLC, dba HOLIDAY INN EXPRESS; STEAKMACHER, LLC, dba MONTANA MIKE'S STEAKHOUSE; SCHUMACHER INVESTMENTS, LLC, dba WATER ZOO; APEX USA, INC.; WALTER SCHUMACHER; and CAROLYN SCHUMACHER ("Defendants"), recognizing that this Class Action Settlement Agreement ("Agreement") is subject to approval by the Court, hereby agree as follows:

## I.   PARTIES TO THIS AGREEMENT

As set forth above, the Parties to this Agreement are the Class Representatives and the Defendants.  On the Date of Finality, the Parties to this Agreement also shall include each Class Member, as that term is defined below.

## II.   FAIRNESS OF SETTLEMENT

The Parties stipulate and agree that the settlement set forth in this Agreement, and its terms, are fair, just, reasonable, adequate, and equitable to the Class Members, are the product of good faith, arm's-length negotiations between the Parties, are consistent with public policy, and fully comply with applicable provisions of law.

## III.   DEFINITIONS

The following definitions apply with respect to this Agreement and all related documents:

**A.**   The "Action" is the lawsuit *Madelyn Casilao et. al. v. Hotelmacher, LLC et. al*, case number 17-cv-00800-SLP, filed in the United States District Court for the Western District of Oklahoma.

**B.**   The "Class" is defined as follows:

All Filipino nationals who obtained H-2B visas at any time from January 1, 2008 through December 31, 2014, who were admitted to the United States as H-2B temporary foreign workers, and for whom one of the Defendants was the H-2B petitioner or de facto employer upon arrival in the United States.

The Class includes the following 23 people: Marife Acompanado, Rhodan Arizala, Arnel

Balbalosa, Jonathan Calasan, Madelyn Casilao, Marygene Casilao, Irish Mae Cleto, Reniel Cuerdo, German de los Santos, Allan Garcia, Benjamin Garcia, Wenafel Gelaga, Harry Lincuna, Pablo Martin, Romina Mesina, Ofelia Mora, Antonio Pangan, Miscella Quidlat, John Roa, Fernando Sarmiento, Alberto Vigilia, Lorna Villaflor, and Lorela Villejo.

**C.**    "Class Counsel" means Megan Lambert of the ACLU of Oklahoma, Christopher Willett and Caitlin Boehne of Equal Justice Center, George Warner of Legal Aid at Work, and pro bono counsel Eben Colby, Catherine Fisher, and Alyssa Musante.

**D.**    "Class List" is a list of the 23 people included in the Class, which shall include all known contact information for Class Members, including emails, phone numbers, addresses, Social Security Numbers, and ITINs, to the extent available to Class Counsel and/or Defendants.

**E.**    "Class Member" means a member of the Class who does not properly ask to be excluded from the class.

**F.**    "Class Member Notice" means the form of Court-approved notice of this Agreement that is disseminated to Class Members.  The Parties shall propose that the Court approve the form of notice attached as Exhibit A hereto.

**G.**    "Class Representatives" or "Plaintiffs" means Madelyn Casilao, Harry Lincuna, and Allan Garcia.

**H.**    "Court" means the United States District Court for the Western District of Oklahoma.

**I.**    "Date of Finality" means the later of (i) the date the Court enters the Final Approval Order, and dismisses the Action with prejudice, or (ii) the date the Final Approval Order becomes Final, as defined below.

**J.**    "Defendants" means Hotelmacher, LLC, DBA Holiday Inn Express; Steakmacher, LLC, DBA Montana Mike's Steakhouse; Schumacher Investments, LLC, DBA Water Zoo; Apex USA, Inc.; Walter Schumacher; and Carolyn Schumacher.

**K.**    "Defendants' Counsel" means Mark K. Stonecipher, C. Eric Shephard, and A. Wayne Billings of Fellers, Snider, Blakenship, Bailey & Tippens, PC.

2

**L.**   "Fee Award" means the amount awarded by the Court as compensation for the services provided by Class Counsel and the expenses incurred by Class Counsel in connection with the Action.

**M.**   "Final" means the later of (a) the date that the Final Approval Order is entered by the Court; or (b) if there are objections to the settlement which are not withdrawn, one business day following the date upon which the time expires for filing or noticing any appeal of the Final Approval Order; or (c) if an appeal, review, or writ from the Approval Order is sought, one business day following the date of dismissal or completion of any appeal, in a manner that finally affirms and leaves in place the Final Approval Order without any material modifications, and all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or rehearing or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand).

**N.**   "Final Approval Hearing" means the hearing to be held before the Court pursuant to Federal Rule of Civil Procedure 23(e) to determine whether the Settlement Agreement should receive final approval by the Court.

**O.**   "Final Approval Order" means the order and final judgment of the Court approving the Settlement, in substantially the form submitted in connection with Plaintiffs' Motion for Final Approval of the Settlement.

**P.**   "Individual Settlement Payment" means payment to be made to Class Members pursuant to the terms of this Agreement.

**Q.**   "Notice" means the form of Court-approved notice of this Agreement that is disseminated to Class Members.  The Parties shall propose that the Court approve the form of notice attached as Exhibit A hereto.

**R.**   "NSF" means the TSA less all of the following: the Service Awards, the Fee Award, and the charges and expenses of the Settlement Administrator as set forth in Section V.D.

**S.**   "Person(s)" means natural people and all types of entities and organizations.

**T.**   "Preliminary Approval Order" means the order of the Court preliminarily approving

3

the Settlement Agreement, in substantially the form submitted in connection with Plaintiffs' Motion for Entry of Preliminary Order.

**U.**    "Service Award" means the amount of incentive or service award awarded by the Court to the Class Representatives.

**V.**    "Settlement Administrator" means CPT Group, an independent contractor to be retained by Class Counsel and approved by the Court.

**W.**    "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Settlement Administrator.

**X.**    "Release Period" means January 1, 2008, through December 31, 2014.

## IV.    TEMPORARY STAY

The Parties agree that the Action shall be stayed in all other respects pending the settlement approval process.

## V.    FINANCIAL TERMS OF THE SETTLEMENT

### A.    The Total Settlement Amount

Subject to court approval, in consideration of all the promises and agreements set forth in the Agreement, Defendants shall pay, or cause to be paid, Seven Hundred Thirty Thousand Dollars ($730,000.00) ("Total Settlement Amount" or "TSA") to resolve the Action.  The TSA shall represent the maximum amount Defendants can ever be required to pay for: (1) Class Members in exchange for a release of all claims asserted or that could have been asserted in the Action on their behalf; (2) all claims for reimbursement by the Settlement Administrator for expenses associated with administering or effectuating the Settlement; (3) all claims for an award of Plaintiffs' Counsel's attorneys' fees; (4) all claims for Plaintiffs' Counsel's reasonable litigation expenses; and (5) Service Awards.

### B.    Class Representative Service Awards

Defendants will not object to a request to the Court for approval of payments of Service Awards to the Class Representatives in an aggregate amount of up to $45,000.00, to be distributed in the amount of up to $15,000 to each Class Representative.  The amount of these Service Awards approved by the Court shall be paid solely from the TSA to the Class Representatives for their

services and risks in connection with serving as Class Representatives and being named as Plaintiffs.  The Service Awards to each of the Class Representatives will be reported by IRS Form 1099.  Each Class Representative will be responsible for characterizing this tax payment for tax purposes and for paying any taxes owing on said amount.  The Service Awards shall be in addition to any Individual Settlement Payment to the Class Representatives for their claims as Class Members.  Should the Internal Revenue Service or some other taxing authority take the position that some or all of the Service Awards constitute taxable income and/or wages for income tax and withholding purposes, the Class Representatives shall assume responsibility of remitting to the Internal Revenue Service and any other relevant taxing authority, any taxes or withholdings required by law, if any, to be paid on and/or withheld from the enhancement payment.  Defendants make no representations and undertake no liability of any kind as to the tax consequences or proper tax treatment of the Service Awards.

       **C.**    <u>**Class Counsel's Attorneys' Fees, Costs and Litigation Expenses**</u>

Within 21 days of the Court entering the Preliminary Approval Order, Class Counsel shall submit an application for an award of attorneys' fees, costs, and litigation costs in an amount not to exceed $215,000.  The amount of the Fee Award shall be determined by the Court based on the application from Class Counsel.  Defendants shall not object to, oppose, or otherwise discourage the Court from approving any such fee and cost application in this amount.

Any Fee Award determined by the Court shall be paid solely from the TSA and shall not constitute payment to any Class Member(s).  The Fee Award approved by the Court shall encompass: (a) all work performed, costs, and expenses related to the investigation, prosecution, and settlement of the Action incurred through the date of this Agreement; (b) all work to be performed, expenses, and costs to be incurred in connection with approval by the Court of the settlement; and (c) all work, costs, and expenses incurred in connection with administering the settlement through dismissal of the Action with prejudice.

Class Counsel shall provide the Settlement Administrator with W-9s, and the payment of attorneys' fees, expenses, and costs to them will be reported by IRS Form 1099.

**D.** **Charges of the Settlement Administrator**

The charges of the Settlement Administrator for administration of the settlement, computation, and mailing of Individual Settlement Payments, administration of the qualified settlement fund and otherwise administering the claims process, and all costs and expenses incurred related thereto, shall be a part of, and paid solely from, the TSA, and shall not exceed $11,500 without Court approval.  The settlement administration costs will be reported by IRS Form 1099.

**E.** **Net Settlement Fund**

The NSF is defined as the TSA less all of the following: the Service Awards, the Fee Award, and the charges and expenses of the Settlement Administrator. The NSF will be no less than $458,500.

**F.** **Calculation of Payments to Class Members**

Class Members will receive an Individual Settlement Payment as a proportionate share of the NSF based on the following calculations.

Based on the records provided by Defendants to Plaintiffs, Plaintiffs' counsel will determine the number of days each Class Member was in Clinton, Oklahoma, and employed by Defendants during the Release Period, using personnel and payroll information provided by Defendants during discovery.  Plaintiffs believe that Class Members were in Clinton, Oklahoma, while working for Defendants for a total of 1,681 days. The average settlement payment will be no less than $19,934.75 per class member.

**G.** **Nature of Individual Settlement Payments to Class Members**

The settlement payments described herein cover and resolve all claims for damages, fees, penalties, and interest that were asserted in the Action.  For purposes of administering the settlement, the Parties agree that the Individual Settlement Payments to Class Members will be characterized and reported a form 1099-MISC (not subject to withholdings or payroll taxes), as the vast majority of Plaintiffs' potential recoverable damages constitute alleged non-wage damages, including unreimbursed expenses for food, housing, and flights, emotional distress, and punitive damages.

6

## VI.     PROCEDURES FOR PRELIMINARY APPROVAL AND NOTICE TO CLASS

### A.     Request for Preliminary Approval

The Parties shall cooperate fully in requesting preliminary and final approval of this Agreement by the Court, including determination by the Court that the settlement is fair, reasonable, and adequate, and approval of the proposed forms of Class Member Notice, orders, and other documents necessary to implement this Agreement.

Within fourteen (14) days of the execution of this Agreement, Plaintiffs, through Class Counsel, shall apply to the Court for entry of the Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

(i) approve the Parties' selection of Settlement Administrator and Escrow Agent;

(ii) preliminarily approve this Agreement for purposes of disseminating notice to the Class;

(iii) approve the form and contents of the Notice;

(iv) provide that Class Members may object to this Agreement prior to the Final Approval Hearing according to a designated schedule; and

(v) schedule a Final Approval Hearing to (1) review comments and/or objections regarding this Agreement, (2) consider the fairness, reasonableness, and adequacy of this Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Agreement, awarding any Fee Awards, and dismissing this Action with prejudice, and (4) consider such other matters as the Court may deem appropriate.

### B.     Class Member Identifying Information

Class Counsel and Defendants have met and conferred and agreed that the Class includes the 23 people enumerated above.  Within three (3) business days of the Court entering the Preliminary Approval Order, Class Counsel shall present the Class List to the Settlement Administrator. The Class List will contain all known contact information for Class Members, including emails, phone numbers, addresses, Social Security Numbers, and ITINs, to the extent available to Class Counsel and/or Defendants.

### C.     Mailing of Class Member Notice

No later than 15 business days after the Court orders issuance of notice to the Class,, the

7

Settlement Administrator or Class Counsel shall electronically distribute and mail the approved Class Member Notice for whom an email address or mailing address is known.  Any Class Member Notice returned undeliverable shall be traced once to obtain a new address and be re-mailed by first class mail.  The addresses to which these documents are to be mailed shall be determined by the Settlement Administrator or Class Counsel from the Class List, subsequent searches the Settlement Administrator and/or Class Counsel performs, and by such other means as the Settlement Administrator and/or Class Counsel customarily uses to locate Class Members in administration of class action settlements.  The Class Member Notice will also be available online at a website set up by Class Counsel or the Class Administrator.

The Parties agree that compliance with the procedures described in this paragraph shall constitute due and sufficient notice to Class Members of this proposed settlement and the Final Approval Hearing and shall satisfy the requirement of due process.

At least five (5) days prior to the Final Approval Hearing, the Settlement Administrator and/or Class Counsel shall provide the Court with a declaration of due diligence and proof of mailing with regard to (i) the mailing and electronic distribution of the Class Member Notice, (ii) attempts to locate Class Members, and (iii) the number of Class Members whose Class Member Notices were returned as undeliverable after all attempts to locate a correct address.

**D.      Contents of Class Member Notice**

The Class Member Notice shall be in English and shall fairly inform the Class Members of the general nature of this action, the financial and other terms of this Agreement particularly significant to the Class Members, and the general procedures and deadlines for submitting an objection to the settlement or excluding oneself from the class, in simple and easily understood language.  The Class Member Notice shall be individualized, identifying the respective Class Member by his or her name and current email or mailing address, and providing the total number of days spent in Clinton, Oklahoma, by the respective Class Member as calculated by Class Counsel based on Defendants' records, his or her expected Individual Settlement Payment, and the total expected class payment.  The notice shall have a "Babel notice" in Tagalog that informs claimants, in Tagalog: "This notice is being sent because you are a member of a class action that

8

has settled. To learn more about your rights and your ability to receive payment if the settlement is approved, call (888) 820-1293 or send an email to schumacher_lawsuit@legalaidatwork.org and a lawyer that represents the class will call you back with a Tagalog interpreter." The Class Member Notice shall inform Class Members of the ability to provide a change of address and information about social security numbers or ITIN numbers by email, phone, or a website form. The Notice shall include a claim form that allows Class Members the ability to report whether they would like to receive the Individual Settlement Payment by mail, bank transfer, or select forms of digital payment, using a digital service provider such as PayPal.  Unless modified by the Court, the Class Member Notice shall read substantially as set forth in Exhibit A hereto.

### E.     Opting Out of the Class

The members of the Class will be provided with a renewed opportunity to exclude themselves from the class, by no later than sixty (60) days after the Class Member Notice was initially distributed. The date of mailing of the Class Member Notice to the objecting Class Member shall be conclusively determined according to the records of the Class Counsel.  Class members can exclude themselves by sending a request to be excluded to Class Counsel by mail or email.

### F.     Objections to Settlement

In order to object to this Settlement, or any term of it, the Class Member making the objection must, by no later than sixty (60) days after the Class Member Notice was initially distributed to the objecting Class Member, electronically file with the Court a written statement of the grounds of objection, signed by the objecting Class Member or his or her attorney, along with all supporting papers. The date of mailing of the Class Member Notice to the objecting Class Member shall be conclusively determined according to the records of the Settlement Administrator and Class Counsel.  The written objection shall include his or her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Class Member, and provide a statement whether the objector intends to appear at the Final Approval Hearing, with or without counsel, accompanied by the signature of the objecting Class Member.  The Court retains final authority with respect to the

consideration and admissibility of any of Class Member's objections.  Counsel for the Parties shall file any response to the objections submitted by objecting Class Members at least seven (7) days before the date of the Final Approval Hearing.

### G. Class Settlement Website

Within 15 days of Preliminary Approval Order, the Settlement Administrator or Class Counsel shall establish a public website, which shall include instructions as to how to receive a Class Member Notice and to provide additional or corrected Class Member contact information. The site shall also make available a copy of this Agreement, the prior notice of certification of the Class that was published and distributed to Class Members pursuant to the order of the Court entered on December 10, 2021, and the Preliminary Approval Order,  Class Counsel's applications for attorneys' fees and costs (when filed with the Court), and the papers filed in support of final approval of this Agreement (when filed with the Court). The website shall also provide up to date information regarding the date, time, and location of the Final Approval Hearing.

## VII. PROCEDURES FOR FINAL APPROVAL AND DISTRIBUTION OF SETTLEMENT PROCEEDS

### A. Final Approval of Settlement

No later than twenty-eight (28) calendar days before the Final Approval Hearing, or by such other deadline as specified by the Court, Class Counsel shall apply to the Court for entry of the Final Approval Order, which shall include, among other provisions, a request that the Court:

(a) dismiss the Action with prejudice and without costs, except as contemplated by this Agreement;

(b) decree that neither the Final Approval Order nor this Agreement constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever;

(c) bar and enjoin all Class Members from asserting any of Plaintiffs' Released Claims against any of the Released Parties;

(c) bar and enjoin Defendants from asserting any of Defendants' Released Claims against any of the Plaintiffs or any Class Member;

(d) determine that this Agreement is entered into in good faith and represents a fair,

CLASS ACTION SETTLEMENT AGREEMENT

reasonable, and adequate settlement that is in the best interests of the Class Members; and

(e)     preserve the Court's continuing and exclusive jurisdiction over the Parties and all Class Members to administer, construe, and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Final Approval Order.

**B.     Qualified Settlement Fund**

Within ten (10) days of the Court entering the Preliminary Approval Order, the Defendants shall send to the Settlement Administrator the TSA, with which the Settlement Administrator shall establish the Settlement Fund.  Should the Court deny final approval of the settlement, the Settlement Administrator shall return the TSA to Defendants minus reasonable settlement administration costs incurred to date. The Settlement Administrator assumes all responsibility for tax reporting requirements for and payments of contributions and withholdings from the TSA, as well as for any and all obligations regarding notice, tax reporting, and escheat requirements (which the Parties do not intend) through the Settlement Fund.

**C.     Date and Method of Payments; First Distribution**

Within ten (10) days of the Date of Finality, the Settlement Administrator shall mail and/or disburse the Individual Settlement Payments to each Class Member at the address shown on the Class Member Notice, or any later corrected address, or deliver those payments by ACH, wire transfer, or via digital transfer using a digital service provider such as PayPal, Zelle, Venmo, as requested by the Class Members. Also within ten (10) days after the Date of Finality, any court-approved Service Awards to be paid to the Class Representatives shall be transmitted by the Settlement Administrator to the Class Representatives via separate check, ACH, wire transfer, or digital transfer made payable to each individual Class Representative.  Also within ten (10) days after the Date of Finality, the Fee Award shall be paid by the Settlement Administrator by checks or wire transfers, payable to Class Counsel as ordered by the Court.  Proof of all of these payments by the Settlement Administrator will be provided to Class Counsel and Defendants' Counsel by the Settlement Administrator within seven (7) business days after the last payment is made.  Class Counsel shall file such proof of payment with the Court if so ordered.

**D.**     **Payments to Settlement Administrator**

The Settlement Administrator shall submit a monthly invoice to the  Class Counsel and Defendants' Counsel and, if approved by Class Counsel and Defendants' Counsel, such invoices shall be paid solely out of the TSA.  The Settlement Administrator shall submit a final invoice to Class Counsel and Defendants' Counsel, including a reasonable estimate of any remaining settlement administration work to be done in order to complete the settlement administration process, within five (5) days after entry of the Final Approval Order, which if approved by Class Counsel and Defendants' Counsel, will be paid solely from the TSA.  In no event shall monies paid to the Settlement Administrator exceed $11,500 without approval by the Court.

**E.**     **Attempt to Locate Additional Class Members and Second Distribution**

Class Members shall have 60 days from the date of the original mailing of the Individual Settlement Payments made by check to cash them. Any payments that remain undeposited upon the expiration of the 60-day period will be void.  The Settlement Administrator will give written notice to Class Counsel of any uncashed checks fifteen (15) business days <u>before</u> the expiration of the 60-day period, so that Class Counsel can remind Class Members of the payments.

The Settlement Administrator will give written notice to Class Counsel and Defendants' Counsel of the total amount of funds represented by the uncashed checks, plus any interest earned on such amounts and remaining in the NSF, within five (5) business days after the expiration of the 60-day period.

Within 10 days after the expiration of the 60-day period, the Settlement Administrator will give written notice by mail and email to Class Members who did not cash an initial Individual Settlement Payment, and provide them 30 days from the date of mailing to request that the check be sent to a new address or resent to the same address, or to request that payment be delivered by direct deposit or via digital transfer using a digital service provider such as PayPal, Zelle, Venmo.

Within 14 days of the deadline for Class Members to request a new check, provide updated address information, or request electronic payment, the Settlement Administrator will send new Individual Settlement Payment checks to Class Members who did not cash the initial checks, if the Class Member requested a new check or checks be sent to them, or deliver those payments by

direct deposit or via digital transfer using a digital service provider such as PayPal, Zelle, Venmo, if requested by the Class Member. Class Members shall have 60 days from the date of the mailing of these Individual Settlement Payment checks to cash them.

### F.     Additional Distribution and Cy Pres Distribution

Any checks sent remaining uncashed upon the expiration of the second 60-day period will be void. The amount represented by uncashed checks shall be paid via an additional distribution to Class Members who cashed their checks, on a pro-rata basis according to the formula used to calculate the original Individual Settlement Payments, and via the same method of payment as the initial payment.

There shall be no additional distribution if the aggregate amount remaining from the uncashed checks is less than $2,000.  Should such remaining funds total less than $2,000, they shall be paid to Towards Justice as a *cy pres* beneficiary, as will any amounts represented by checks and payments from the additional distribution that remain uncashed or undeposited 60 days after mailing.

## VIII.  RELEASES AND BARS

### A.     Mutual Release

On the Date of Finality, the Plaintiffs and each Class Member fully, finally, and forever release, settle, and compromise any and all claims, counterclaims, cross-claims, defenses, controversies, and causes of action against Defendants that arise out of their employment and/or any other previous dealings with the Defendants during the Release Period (including any claims in contract, tort, equity, statute, common law, or otherwise that were or could have been asserted against Defendants in this Action) (the "Plaintiffs' Released Claims"). This release extends to Defendants and their respective related individuals/entities, agents, employees, principals, representatives, attorneys-in-fact, legal counsel, predecessors, successors, and assigns (the "Released Parties").

The Defendants fully, finally, and forever release, settle, and compromise any and all claims, counterclaims, cross-claims, defenses, controversies, and causes of action they may have against Plaintiffs and each Class Member that arise out of the Plaintiffs' and each Class Member's

employment and/or any other previous dealings with the Defendants during the Release Period (including any claims in contract, tort, equity, statute, common law, or otherwise that were or could have been asserted against the Plaintiffs or each Class Member in this Action) (the "Defendants' Released Claims").

This Agreement thereby constitutes a covenant not to sue on or further prosecute the claims being released herein.

The Parties are aware that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true. Nevertheless, it is the intention of the Parties to fully, finally, and forever settle and release the claims being released herein, whether now known and/or which may become known in the future. Furthering such intention, the release given herein shall be and remain in effect as a full and complete release of all such matters notwithstanding discovery or existence of any additional or different claims or facts relative thereto. The Parties waive the right to rely upon any statute, rule, common law doctrine, principle of equity, or other law or theory which precludes the release of claims, causes of action, suits, or damages arising from facts or legal theories which are not known or are different from those known when a release is executed.

**B.     Dismissal with Prejudice of the
        Class Representatives in the Philadelphia Litigation**

Within five (5) days of the Parties' execution of this Agreement, Defendants will submit a written request to Philadelphia Indemnity Insurance Company ("Philadelphia") that Philadelphia take all steps necessary to have the Class Representatives dismissed with prejudice from the action filed in the United States District Court for the Western District of Oklahoma, Case No. CIV-17-1234-SLP (the "Philadelphia Litigation"), with said dismissal to note that, as between the Class Representatives and Philadelphia, the Class Representatives and Philadelphia are to bear their own expenses including, but not limited to, costs, attorney fees, and expert witness fees.

**C.     MMSEA Compliance**

Plaintiffs agree and acknowledge that all Class Members have been advised, or will be advised by their counsel, that any payment to any Class Member is the sole responsibility of such

Class Member or their representatives.  Plaintiffs further agree and acknowledge that each Class Member and/or his/her/their estate, if applicable, will agree to investigate and to assume any responsibility and/or liability to pay any current Medicare liens, Medicare Advantage Plan liens, Medicaid liens, and/or private health insurance liens that may be related to the alleged injuries and/or damages at issue in the Action. Plaintiffs do not believe there are any such liens, and Plaintiffs and the class did not seek damages for physical harm or medical expenses. Further, each Class Member and/or his/her/their estate, if applicable, agrees to pay any future Medicare, Medicare Advantage Plan, Medicaid, and/or private health insurance liens that may arise that are determined to be related to the alleged injuries and/or damages at issue in the Action.  Class Counsel agrees to withhold sufficient funds from the TSA to fully satisfy any and all Medicare, Medicare Advantage plan, Medicaid, private health insurance, or any other liens that may exist. In the event such a lien (Medicare, Medicare Advantage Plan, Medicaid, private health insurance, or any other liens that may exist) does in fact exist, Class Counsel shall provide Defendants with a copy of any and all correspondence reflecting that any such liens have been fully satisfied.  Each Class Member agrees, to the extent of any payment to such Class Member, to indemnify, defend, and hold harmless Defendants and Philadelphia from any action by Medicare seeking payment of past, current, or future medical expenses that such Class Member has received. Class Members shall further hold Defendants and Philadelphia harmless from any and all adverse consequences in the event any payment to a Class Member under this Agreement results in the loss of right to Social Security and/or Medicare benefits to the extent the Class Member would have been entitled to those benefits in the absence of such payment.

**IX.    GENERAL PROVISIONS**

**A.    Entire Agreement**

This Agreement constitutes the entire agreement between the Parties relating to the settlement of this Action, and is the final, complete, and exclusive expression of the terms and conditions of their agreement.  Any and all prior agreements, representations, negotiations, and understandings, oral or written, express or implied, are hereby suspended and merged herein.

**B.**      **Authority**

The signatories hereto represent, warrant, and certify that they have the right, power, and authority to enter into and be bound by the terms of this Agreement.

Class Counsel warrants and represents that it is authorized by each Class Representative, and Defendants' Counsel warrants that it is authorized by Defendants, to take all appropriate action required to effectuate the terms of this Agreement, except for signing any documents, including but not limited to this Agreement, that are required to be signed by the Parties.

**C.**      **Governing Law**

All terms of this Agreement shall be governed by and interpreted according to the laws of the State of Oklahoma, without giving effect to conflict of laws principles.  The exclusive forum for any dispute arising out of, related to, or connected in any way with this Agreement shall be the United States District Court for the Western District of Oklahoma.

**D.**      **Binding on Successors**

This Agreement shall be binding upon, and inure to the benefit of, the successors of the Parties.

**E.**      **Modification Only in Writing**

This Agreement may be amended or modified only by a written instrument signed by all Parties (or their successors in interest) and their counsel.

**F.**      **No Reliance on Representations**

The Parties have made such investigation of the facts and the law pertaining to the matters described herein and this Agreement as they deem necessary, and have not relied, and do not rely, on any statement, promise, or representation of fact or law made by any of the other Parties, or any of their agents, employees, attorneys, or representatives, with regard to any of their rights or asserted rights, or with regard to the advisability of making and executing this Agreement, or with respect to any such matters. No representations, warranties, or inducements have been made to any party concerning this Agreement.

**G.**      **Construction of This Agreement**

The Parties agree that the terms and conditions of this Agreement are the result of lengthy,

16

intensive, arm's-length negotiations between them, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or their counsel participated in the drafting of this Agreement.

**H.**     **Assignment**

None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party, Class Member, Class Counsel, or Counsel for Defendants without the express written consent of each other Party and their respective counsel hereto.  The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties under this Agreement and shall not be construed to confer any right or to avail any remedy to any other person.

**I.**     **No Admission of Liability**

The Parties acknowledge that they make *no admission of liability* by entering into this Agreement.  Rather, the Parties have entered into this Agreement solely to avoid the burden, expense, and risk of continuing the Action.  The Parties further agree that this Agreement and the terms and conditions hereof may not be admitted into evidence against any Party in any legal proceeding for purposes of establishing liability as to any claims asserted other than a claim seeking to enforce the terms of this Agreement.

**J.**     **Mutual Full Cooperation**

The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their best efforts, including all efforts reasonably contemplated by this Agreement, and any other efforts that may become reasonably necessary by order of the Court or otherwise to effectuate this Agreement, and the terms set forth herein.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the settlement, the Parties agree to seek the assistance of the Court.

**K.**   **Entity Signatures**

Any individual executing this Agreement, or any related document, on behalf of a corporation, entity, or organization who, as shown by the signature blocks below, is to execute this Agreement, hereby warrants and promises for the benefit of all Parties hereto that he or she has been duly authorized by such corporation, entity, or organization to execute this Agreement on behalf of such corporation, entity, or organization.

**L.**   **Counterparts and Electronic Signatures**

This Agreement may be executed separately in counterparts, and a facsimile or electronic signature shall be as good as an original signature.  Counterparts shall have the same force and effect as if executed at the same time in one place.  A copy of this Agreement shall have the same force and effect as the original.

DATED: 1/24/24

Walter Schumacher on behalf of
HOTELMACHER, LLC, dba HOLIDAY INN
EXPRESS

DATED: 1/24/24

Walter Schumacher on behalf of
STEAKMACHER, LLC, dba MONTANA
MIKE'S STEAKHOUSE

DATED: 1/24/24

Walter Schumacher on behalf of
SCHUMACHER INVESTMENTS, LLC, dba
WATER ZOO; APEX USA, INC.; WALTER
SCHUMACHER; and CAROLYN
SCHUMACHER

DATED: 1/24/24

Walter Schumacher, on behalf of APEX USA,
INC.

1

2
DATED: 1/24/24

_____
Walter Schumacher, individually

3

4
DATED: 1/24/24

_____
Carolyn Schumacher, individually

5

6
DATED: _____

_____
Madelyn Casilao

7

8
DATED: _____

_____
Harry Lincuna

9

10

11
DATED: _____

_____
Allan Garcia

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DATED: _____        _____
                                    Walter Schumacher, individually
2

3

DATED: _____        _____
                                    Carolyn Schumacher, individually
4

5

DATED: __23/01/2024_____        *Madelyn Casilao*
6                                    Madelyn Casilao (Jan 23, 2024 17:16 PST)
                                    Madelyn Casilao
7

8

DATED: __23/01/2024_____        _____
                                    Harry Lincuna (Jan 23, 2024 10:15 EST)
9                                    Harry Lincuna

10

11

DATED: __23/01/2024_____        _____
                                    Allan Garcia (Jan 23, 2024 20:37 EST)
12                                   Allan Garcia

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF OKLAHOMA
*Madelyn Casilao et. al. v. Hotelmacher LLC et. al* | Case No. 5:17-cv-00800-SLP

**FOR:**
Jane Doe
ADDRESS
ADDRESS
EMAIL

*Visit [websitetk]*
*for more information*

*This notice is being sent because you are a member of a class action that has settled. To learn more about your rights, and your ability to receive payment if the settlement is approved, call (888) 820-1293 or send an email to schumacher_lawsuit@legalaidatwork.org and a lawyer that represents the class will call you back with a Tagalog interpreter.*
*[Tagalog]*

## Notice of Class Action Settlement for Filipino H-2B Workers at Walter and Carolyn Schumacher-Owned Companies from 2008 to 2014

This notice affects your rights. Please read the entire notice carefully and **please respond**. In 2021, the Court approved this case as a class action for the Filipino H-2B workers who worked for Walter and Carolyn Schumacher-owned companies between 2008 and 2014. In December 2023, the parties reached a settlement. On [DATETK], the Court will hold a hearing and consider whether to approve the settlement. You have the right to object to the settlement at this hearing if you do not believe it is fair, reasonable, and adequate. The purpose of this Notice is to tell you about the settlement, explain how your rights may be affected by the settlement, and tell you about your options. Your legal rights may be affected, and you have a choice to make now:

| Basic Information about the Settlement |
| --- |
| The Defendants have agreed to pay $730,000 to resolve the claims of the class, including fees and costs incurred by your lawyers, service awards to the named Plaintiffs, and costs to administer the settlement. |

Under the proposed settlement, you will be paid no less than **$[AMTTK]**.

You **must let us know how you want to be paid and confirm your information** before you can be paid as part of the settlement process. You can confirm this information by calling (888) 820-1293 or going to [websitetk] and entering in the following information, or filling out the claim form at the end of this notice and mailing it to the address on the form.

Website Username: [usernametk]

Password: [passwordtk]

| Your Rights and Options | | |
| --- | --- | --- |
| **Option** | **Description** | **Deadline** |
| **Provide your information and preferred method of payment.** | We need to make sure we have your accurate information to pay your portion of the settlement. Please confirm your information by either going to [websitetk], calling (888) 820-1293, or sending back the last page of this notice to [ADDRESSTK]. | [DATETK] |
| **Opt Out of the Class Action** | You may ask to be excluded from this lawsuit and pursue your own lawsuit.  If you ask to be excluded from this lawsuit, you will not participate in the settlement in this lawsuit, but you will | [DATETK] |

*This notice and its contents have been authorized by the United States District Court for the Western District of Oklahoma, the Honorable Scott L. Palk presiding.*

| | | |
|---|---|---|
| | keep any rights to sue Defendants separately about the same legal claims in this lawsuit. | |
| **Object to the settlement.** | File an objection with the Court by [DATETK] or appear at the Final Approval Hearing to explain why you do not like the settlement. Additional instructions on how to object can be found at page [TK]. | [DATETK] |

## Information about the Case

### 1.      Why did I get this notice?

You received this notice because records show that between 2008 and 2014, you came to the United States from the Philippines on an H-2B visa, and that one or more of the following companies or people allegedly either petitioned for you to come to the United States or was your alleged de-facto employer: Hotelmacher LLC, doing business as Holiday Inn Express; Steakmacher, LLC, doing business as Montana Mike's Steakhouse; Schumacher Investments, LLC, doing business as Water Zoo; Apex USA, Inc.; Walter Schumacher; Carolyn Schumacher.

A class action lawsuit has been brought against these companies and individuals claiming that they recruited H-2B workers from the Philippines through false promises about pay and working conditions. Defendants deny all of the allegations in the lawsuit. The lawsuit is known as *Casilao et al. v. Hotelmacher, et al.,* No. 17-cv-583-SLP (W.D. Okla.). The Honorable Scott L. Palk, United States District Court Judge in the Western District of Oklahoma, is overseeing this lawsuit.

This notice is being sent to you because you are a member of the Class in this lawsuit, are entitled to participate in the settlement, and can object to the settlement if you do not think it is fair, reasonable, and adequate. This notice explains the proposed settlement. To review the settlement agreement and other documents, visit *[websitetk]*. For more information, you may also contact class counsel at (888) 820-1293 or schumacher_lawsuit@legalaidatwork.org.

### 2.      What is a class action and who is involved?

In a class action lawsuit, one or more people, "Class Representatives," sue on behalf of other people who have similar claims. All those people together are the "Class" or "Class Members." The Class Representatives and Class Members together are the "Plaintiffs" or "Class." The people being sued are the "Defendants." In this case, the Defendants are Hotelmacher LLC, doing business as Holiday Inn Express; Steakmacher, LLC, doing business as Montana Mike's Steakhouse; Schumacher Investments, LLC, doing business as Water Zoo; Apex USA, Inc.; Walter Schumacher; and Carolyn Schumacher.

### 3.      What is this lawsuit about?

Plaintiffs claim that Defendants made a number of false promises to Plaintiffs to recruit them to work in Clinton, Oklahoma. Plaintiffs say that once they arrived in Clinton, Oklahoma, the Defendants did not keep their promises, which allegedly included: reimbursement for the cost of travel to Clinton; providing free food and housing in Clinton; full-time work; and/or to be paid at a fixed hourly rate (or "guaranteed minimum"). Plaintiffs also claim that by breaking these promises, the Defendants breached the contracts they entered into with the Plaintiffs and the Philippine government and forced the Plaintiffs to labor for Defendants on Defendants' terms. The Plaintiffs are asking for compensation from Defendants to remedy the broken promises and forced labor they were subjected to in Clinton, Oklahoma. Defendants deny all of Plaintiffs' allegations.

The Court has not decided who is right or wrong. By allowing this case to proceed as a class action, the Court did not suggest that the Plaintiffs will win or lose the case. The parties have agreed to settle the claims instead of proceeding to trial.

### 4.      Why is this lawsuit a Class Action?

The Court has decided that this lawsuit can be a class action because, in the Court's view, this lawsuit meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order certifying the Class, available at [websitetk].

**5.      Am I part of the Class?**

The Class certified by Judge Palk includes all Filipino nationals who came to the United States as H-2B temporary workers between January 1, 2008, and December 31, 2014 and were sponsored by or worked for one of the Defendants upon arrival to the United States.

If you are not sure whether you should be included in this lawsuit, you can get free help by contacting the lawyers appointed by the Court to represent the Class in this case at (888) 820-1293 or schumacher_lawsuit@legalaidatwork.org. Do not contact the Court.

## The Settlement Agreement and Its Benefits

**6.      What does the proposed settlement provide?**

The Defendants have agreed to pay $730,000 to resolve the claims of the class. The Defendants dispute that they violated any laws or engaged in any unlawful conduct.

The $730,000 will be used to make:

- individual payments to the 23 members of the class, totaling at least $458,500;

- fees and costs incurred by your lawyers, as approved by the Court, up to $215,000;

- service awards, as approved by the Court, up to $15,000 per named Plaintiff, and up to $45,000 in total;

- costs to administer the settlement, as approved by the Court, up to $11,500.

**7.      How much will my settlement payment be? And how was it calculated?**

After deductions of the Court-approved fees, costs, and service awards, the remaining sum that will be used to make individual payments to the 23 members of the class ("Net Settlement Fund") will be at least $458,500.

If the settlement is approved, you will be paid a portion of the Net Settlement Fund based on the number of days you spent in Clinton, Oklahoma, as an employee of the Defendants.

**Your *estimated* settlement payment under the terms of the class-action settlement will be: <<TotalAmount>>, based on our understanding that you arrived in Clinton, Oklahoma on <<arrival date>>, and stopped working for Defendants on <<departure date>>.**

This information will be based on records provided by Defendants, and the calculations done by Class Counsel and the Settlement Administrator. If you believe you were in Clinton, Oklahoma working for the Defendants for more time, please reach out to Class Counsel. The final payment you receive may be lower or higher than the estimated amount listed above. The exact amount you will receive cannot be calculated at this time because it is not known how many class members will participate in the settlement, and the Court has not yet approved the amounts that will be deducted from the Settlement Fund, which include Class Counsel's attorneys' fees and expenses, Settlement Administrator costs, and service awards to the Plaintiffs who brought this lawsuit.

*If Medicare, Medicaid or a private health insurance plan paid for medical care you received that was related to or arising from your employment with Defendants, please contact Class Counsel.  Under the settlement, you agree to pay any liens asserted by Medicare, Medicaid or a private insurance plan that are determined to be related to the alleged injuries and/or damages at issue in the Action.  Plaintiffs do not believe there are any such liens, and Plaintiffs and the class did not seek damages for physical harm or medical expenses.*

**8.      Will I owe any taxes?**

For tax reporting purposes, you will receive an IRS Form 1099-MISC for all settlement amounts. You will owe taxes on these payments. You should speak with an accountant or other tax advisor if you have any questions about the tax consequences of your settlement proceeds.

If you do not provide Class Counsel or the Settlement Administrator with an ITIN or Social Security Number, 28 percent of the settlement amount will be withheld as "backup withholding."

**9.      What are the Defendants receiving from this settlement?**

The class members will issue a release of liability for all claims that could have been brought against the Defendants in this lawsuit, and Defendants will no longer have to defend this lawsuit.

## How to Get a Payment?

**10.      How will I receive my payment?**

If you fill out a claim form, you can select how you would like to get paid, which could include a variety of digital options or by paper check.  If you do not fill out a claim form, a check will be mailed to you if Class Counsel or the Settlement Administrator has a known mailing address for you.

**11.      When should I get my payment?**

The Court will have a Final Approval Hearing on DATETK, to decide whether to approve the settlement. You should receive your payment within a few months if the Court approves the settlement. However, payment will be delayed if there are appeals.

## How to Object?

**12.      How can I object to the lawsuit?**

If you are a Class Member, you can object to the settlement if you do not like any part of it. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a larger settlement or change the terms of the settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. You may object to the proposed settlement in writing, or you or your attorney may appear at the Final Approval Hearing. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must be filed with the Court and must identify:

   a)  your full name, current mailing address, and telephone number;
   b)  the case name and number *Casilao et. al. v. Hotelmacher LLC et. al.,* Case No. 5:17-cv-00800-SLP;
   c)  your positions, including the grounds for the objection;
   d)  whether the objection applies only to the objector, to a subset of the class, or to the entire class;
   e)  copies of any documents supporting the objection;
   f)  the identity of any attorneys representing the objector;
   g)  whether you (or your attorney) intends to appear at the Final Approval Hearing;
   h)  a list of all other matters in which you and/or your attorney has lodged an objection to a class action settlement; and
   i)  your signature or the signature of your attorney.

The written statement must be filed with the United States District Court for the Western District of Oklahoma on or before [datetk; 60 day after mailing].  You must also mail copies of the objection to class counsel.

**13.      How do I ask to be excluded from (i.e., opt out of) the Class?**

To exclude yourself from (i.e., opt out of) the Class, you must send an "Opt Out Statement" in the form of a letter, sent by mail or email, stating that you want to be excluded from Casilao v. Hotelmacher. Be sure to include your name and a telephone number or email address and sign the letter. You must send your "Opt Out Statement" so that it is received or postmarked by [datetl; 60 day after mailing] to:

*Questions? Read on, visit* [websitetk]*, or call (888) 820-1293.*

Mail: Legal Aid at Work, 180 Montgomery Street, Suite 600, San Francisco, CA 94104
Email: schumacher_lawsuit@legalaidatwork.org

You must follow these procedures precisely in order to exclude yourself from the Class. If you ask to be excluded, you will not receive any benefit from the case, whether through this settlement, judgment, or verdict. If you are a Class Member, you can object to the settlement if you do not like any part of it. You cannot opt out and object to the settlement.

## The Final Fairness Hearing

### 14.    When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Approval Hearing on [datetk] at the United States District Court for the Western District of Oklahoma, located at 200 NW 4th Street, Oklahoma City, Oklahoma 73102. The purpose of the hearing is for the Court to determine if the Settlement is fair, reasonable, adequate, and in the best interests of the Class.

At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses and the service awards to named Plaintiffs. The location, date, and time (including any options for remote appearances) of the Final Approval Hearing are subject to change by Court order. Any changes will be posted at the Settlement Website, [websitetk], or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

### 15.    Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. If your written objection was filed or mailed on time and meets the other criteria described in this Settlement Notice, the Court will consider it. However, you may appear on your behalf or pay a lawyer to attend on your behalf to assert your objection if you would like.

### 16.    May I speak at the hearing?

Yes. If you do not exclude yourself from the Settlement Class, you (or your attorney) may appear and speak at the Final Approval Hearing concerning any part of the proposed Settlement.

## The Lawyers Representing You

### 17.    Do I have a lawyer in this case?

The attorneys who represent the Plaintiffs and the Class Members are called "Class Counsel." The Court has decided that these lawyers are qualified to represent you and other Class Members. The Court has designated them as Class Counsel in this lawsuit based on a determination that they are capable and experienced in handling similar cases. If you stay in the Class (*i.e.*, you do not exclude yourself), you will be represented by Class Counsel. More information about Class Counsel is available at [websitetk], and you can contact them at schumacher_lawsuit@legalaidatwork.org. They are:

<table>
<tr><td>George A. Warner<br>**LEGAL AID AT WORK**<br>180 Montgomery Street, Suite 600<br>San Francisco, CA 94104<br>Telephone: (415) 864-8848</td><td>Christopher J. Willett<br>Caitlin Boehne<br>**EQUAL JUSTICE CENTER**<br>314 E. Highland Mall Blvd., Ste. 401<br>Austin, Texas 78752<br>Telephone: (512) 474-0007</td></tr>
</table>

*Questions? Read on, visit* [websitetk]*, or call (888) 820-1293.*

Eben Colby
Catherine Fisher
Alyssa Musante
500 Boylston Street, 23rd Floor
Boston, MA 02116
Telephone: (617) 573-4800

Meghan Lambert
**ACLU OF OKLAHOMA**
P.O. Box 13327
Oklahoma City, OK 73113
Telephone: (405) 525-3831

**18.    Do I need to hire my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may hire one at your own expense.

**19.    How will the lawyers be paid?**

You will not be required to pay any attorneys' fees or costs out of your own pocket. If the settlement is approved, these lawyers will be paid from the settlement amount. The lawyers will request a maximum of $TK in attorneys' fees, and litigation costs.

Class Counsel's application for an award of attorney's fees and costs will be filed with the court by [DATETK] and may be viewed in the court file at [websitetk] or the United States District Court for the Western District of Oklahoma. You have a right to express your opinion about this request and the final decision on payment to the lawyers will be made by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

**20.    Will the Class Representatives receive any payments?**

Class Counsel will request approval from the Court for a total $45,000 in service awards for the three named Plaintiffs for their efforts in pursuing this lawsuit, and willingness to accept the risks of being a representative.

Class Counsel will make their request for Plaintiffs' service awards, on or before [DATETK].

## Additional Information

**21.    What happens next?**

If the settlement is approved, the Settlement Administrator will distribute funds per the settlement terms.

**22.    Does my immigration status impact my ability to be part of the case?**

No. You may be a Class Member regardless of your immigration status, and regardless of whether you reside inside or outside the United States.

**23.    Are more details available?**

Yes. You can find more information on the case website, [websitetk], where you will find the lawsuit that the Class Representatives filed with the Court on your and other Filipino H-2B workers' behalf, the settlement, and other documents. Or you may contact Class Counsel.

DATE x/x/2024

# Claim Form for Casilao v. Hotelmacher Settlement

*For your claim to be considered, you must timely complete this Claim Form. The Claim Form may be completed online at [website] or by mailing a completed Claim Form by **[datetk]** to:*

*Casilao v. Hotelmacher c/o [claimsadministratorTK]*
*[addresstk]*

*To ensure the accuracy and completeness of your claim, online claim submission is strongly encouraged. If you plan to mail in a Claim Form, then please type or legibly print all requested information, in blue or black ink.*

### *Current Contact Information*

Full Name: _____

Your Birth Date: _____ Social Security Number (if known): _____

Mailing Address: _____

Phone Number: _____ Email Address: _____

### *Payment Information*

You can receive your payment via a variety of digital options such as Prepaid Mastercard, PayPal, Venmo, Direct Deposit/ACH, Zelle, or you can elect to receive a paper check. Please select the method by which you would like to receive the payment. A paper check will be mailed if a method of compensation is not selected.

 How do you want to receive payment (check one)?

☐ Direct deposit to your bank account

☐ Paper check

☐ Venmo

☐ Paypal

☐ Zelle

☐ Prepaid Mastercard

### *\* Form Continues on Next Page \**

*Questions? Read on, visit* [websitetk], *or call (888) 820-1293.*

***Information about Time Spent Working for Defendants***

The settlement distributes payments to the class members based on the number of days between the day they arrived in Clinton, Oklahoma, and the date that they stopped working for Defendants.

Our records show you arrived in Clinton, Oklahoma, on **<<arrival date>>**, and stopped working for Defendants on **<<departure date>>**.

If you disagree with this information, please tell us what day you believe you arrived in Clinton, and what day you believe you stopped working for Defendants, and attach any supporting information.

Arrival Date: _____, 2012

Last Day of Work: _____, 2012

I swear and attest under penalty of perjury that the above information is true and accurate, to the best of my knowledge.

Name: _____

Signature: _____

Date: _____

*Questions? Read on, visit* [websitetk]*, or call (888) 820-1293.*