# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MADELYN CASILAO, HARRY LINCUNA, and ALLAN GARCIA, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>HOTELMACHER LLC, dba HOLIDAY INN EXPRESS; STEAKMACHER, LLC, dba MONTANA MIKE'S STEAKHOUSE; SCHUMACHER INVESTMENTS, LLC, dba WATER ZOO; APEX USA, INC.; WALTER SCHUMACHER; and CAROLYN SCHUMACHER,<br><br>        Defendants. | Case No.: CIV-17-800-SLP |

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF SETTLEMENT AND DIRECTING NOTICE**

Before the Court is Plaintiffs Madelyn Casilao, Harry Lincuna, and Allan Garcia's (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of Class Settlement (Dkt. No. 302) (the "Motion"). Plaintiffs brought this action on behalf of a class of 23 Filipino workers against Defendants for allegedly violating 18 U.S.C. § 1589's prohibition against Forced Labor and allegedly breaching contracts made with the class and the Filipino government. This Court initially certified the Class in September 2021. (Dkt. No. 187.) In November 2023, the Parties reached a settlement in

principle to resolve this Action.  Plaintiff filed the present Motion, seeking an order preliminarily approving the Settlement Agreement, on January 26, 2024.

Upon review of the Motion (Dkt. No. 302), the supporting documents and declaration thereto, and the Settlement Agreement, the Court finds that the Settlement Agreement should be preliminarily approved.   Plaintiffs have shown that the Court will likely be able to:  "(i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B).

The Class proposed by the Settlement Agreement is identical to the class already certified by the Court.  *Compare* Dkt. No. 187 at 4 *and* Settlement Agreement ¶ III.B. Thus, Plaintiffs have shown that the Court will likely be able to "certify the class for purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B)(ii).

The Court is also likely to be able to "approve the proposal under Rule 23(e)(2)."  Fed. R. Civ. P. 23(e)(1)(B)(i).  Upon initial evaluation, it appears that the Settlement Agreement was fairly negotiated at arm's length; that the relief provided by the Settlement Agreement is substantial given the risks the Class faces by continuing to litigate the matter, and the possibility that a final resolution could take many more years of litigation; that the proposal treats Class Members equitably relative to each other; that the proposed method of distributing relief to the Class is designed so that as many Class Members as possible will receive payment; and the terms of any proposed awards of attorney's fees and costs and of service fees to the named Plaintiffs appear facially fair, and are subject to Court approval.  Accordingly, preliminary approval and notice to the

Class are appropriate.  The Motion (Dkt. No. 302) is GRANTED.  The Court orders as follows:

1. The defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2. The Court appoints CPT Group as the Settlement Administrator under the terms of the Settlement Agreement.

3. The Court has reviewed the Settlement Agreement and the attached Notice of Class Action Settlement for Filipino H-2B Workers at Walter and Carolyn Schumacher-Owned Companies from 2008 to 2014 ("Notice") and Claim Form (Exhibit A to the Settlement Agreement) and finds that the settlement memorialized therein is fair and falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Class Members in the manner described in the Settlement Agreement.  The settlement appears to be reasonable considering the risk inherent in continuing with litigation.  The Court also notes that the settlement is non-reversionary—no money will be returned to Defendants.  The Court also notes that the settlement was the product of non-collusive, arms-length negotiation involving experienced counsel.

4. The Court approves the form and content of the proposed Notice and Claim Form and finds that the method of providing notice prescribed in the Settlement Agreement meets the requirements of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, shall constitute due and

sufficient notice to all persons entitled thereto, and complies with the requirements of the Constitution of the United States, and all other applicable laws.

      5.      Pursuant to Fed. R. Civ. P. 23(e)(2), the Final Approval Hearing shall be held before this Court on _____, at the United States District Court for the Western District of Oklahoma, located at 200 NW 4th Street, Oklahoma City, Oklahoma 73102, or by videoconference or telephonic means, to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to award payment of a Service Award to the named Plaintiffs and in what amount.  The Court may reschedule the Final Approval Hearing without further written notice to Class Members, except that the Settlement Administrator or Class Counsel will update the website maintained pursuant to the Settlement Agreement (the "Settlement Website") to reflect the current information about the date and time for the Final

Approval Hearing.  If the Court chooses to hold the Final Approval Hearing by videoconference or telephonic means, notice will be posted on the Settlement Website.

6. For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following deadlines:

| Event | Deadline |
| --- | --- |
| Deadline for sending Notice and Claim Form to Class Members by email or mail and post the Notice and Claim Form on settlement website. | 15 business days after entry of the Preliminary Approval Order |
| Deadline for Class Counsel to file motion for an award of attorneys' fees and litigation costs. | 21 calendar days after entry of the Preliminary Approval Order |
| Deadline for receipt of objections or opt-out requests. | 60 calendar days after the Notice is initially distributed to the Class Member. |
| Deadline for filing of papers in support of final approval of the Settlement Agreement. | 28 calendar before the date of the Final Approval Hearing. |
| Deadline for Defendants to file proof of compliance with the notice requirements of CAFA | 7 calendar days before the date of the Final Approval Hearing. |
| Deadline for the Parties to respond to any objections. | 7 calendar days before the date of the Final Approval Hearing. |
| Final Approval Hearing | [To be set at the Court's convenience at least 110 days from entry of the Preliminary Approval Order.] |

If one of the above deadlines falls on a holiday or weekend, the deadline will move to the next business day.  The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Class.

7. As provided in the Settlement Agreement, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Settlement Agreement with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Final Approval Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

8. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Class, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

9. All charges of the Settlement Administrator for administration of the settlement, computation, and mailing of Individual Settlement Payments, administration of the qualified settlement fund and otherwise administering the claims process, and all costs and expenses incurred related thereto, shall be paid from the Settlement Fund, and shall not exceed $11,500 without Court approval.

10. If the settlement is not approved or consummated for any reason, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the Parties to the Action as they

6

existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

11. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, are hereby stayed and suspended until further order of this Court. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Plaintiffs' Released Claims against each and all of the Released Parties, and bars and enjoins Defendants from commencing or prosecuting any and all of the Defendants' Released Claims against each and all of the Plaintiffs and Class Members.

IT IS SO ORDERED.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

7