IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MADELYN CASILAO, HARRY ) <br> LINCUNA, and ALLAN GARCIA, on ) <br> behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOTELMACHER LLC, dba HOLIDAY ) <br> INN EXPRESS; STEAKMACHER, LLC, ) <br> dba MONTANA MIKE'S STEAKHOUSE; ) <br> SCHUMACHER INVESTMENTS, LLC, ) <br> Dba WATER ZOO; APEX USA, INC.; ) <br> WALTER SCHUMACHER; and ) <br> CAROLYN SCHUMACHER, ) <br> ) <br>     Defendants. ) | Case No. CIV-17-800-AMG |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. (Doc. 302). Plaintiffs Madelyn Casilao, Harry Lincuna, and Allan Garcia (collectively, "Plaintiffs") filed this lawsuit against Defendants Hotelmacher LLC, dba Holiday Inn Express; Steakmacher, LLC, dba Montana Mike's Steakhouse; Schumacher Investments, LLC, dba Water Zoo; Apex USA, Inc.; Walter Schumacher; and Carolyn Schumacher (collectively "Defendants"), alleging damages resulting from breaches of contracts and forced labor violations pursuant to 18 U.S.C. § 1589.[1]  On

---

[1] Capitalized terms not otherwise defined in this Order will have the meaning ascribed to them in the Settlement Agreement.

January 26, 2024, the parties executed a Settlement Agreement. (Doc. 302, at Ex. 2). The Settlement Agreement, together with the documents it references and its exhibits, sets forth the terms for the proposed settlement of the litigation. Plaintiffs now present the Settlement Agreement to the Court for preliminary approval under Federal Rule of Civil Procedure 23. The Court has reviewed the Motion for Preliminary Approval, the record, and the Settlement Agreement, together with its exhibits. Upon consideration, the Motion for Preliminary Approval is **GRANTED**.

## I.     Background

Plaintiffs allege that, in 2012, Defendant Walter Schumacher and the other Defendants recruited the class members to work as waiters and housekeepers at his properties. (Doc. 1, at 2; *see also* Doc. 302, at 7). To obtain these workers, they promised the Department of Labor ("DOL") that they would provide full-time work at prevailing wages. (Doc. 1, at 13-14). They promised the Philippine Overseas Employment Administration ("POEA") that the class members would receive free food and free housing, or an allowance; free transportation to and from the Philippines; and other benefits. (*Id*. at 12-13). These promises were also made to the class members directly. (*Id*. at 16-18). Absent Defendants' assurances, class members would not have received H-2B visas, been able to leave the Philippines, or committed to work for them. (*Id*. at 12-13, 15, 18).

Plaintiffs allege that, when the class members arrived in rural Oklahoma, Defendants ignored their obligations. (*Id*. at 21-22). The class members did not receive free housing and instead paid to live in overcrowded motels. (*Id*. at 23). Defendants did

not reimburse the substantial cost of airfare to Oklahoma. (*Id*.) Defendants paid less than the prevailing wages, and were placed in other jobs, unauthorized by the H-2B visas. (*Id*.) Class members were also given far less than full-time work, despite the promises to the POEA and DOL. (*Id*. at 22-23). Defendants have denied all allegations of wrongdoing. (Doc. 302, at 7).

II.     **Preliminary Approval of Class Action Settlement**

Approval of a class action settlement under Federal Rule of Civil Procedure 23 takes place in two stages. In the first stage, the Court preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that notice be given to the class so that interested class members may object to the fairness of the settlement. In the second stage, after notice is given to the putative class, the Court holds a fairness hearing at which it will address (1) any timely objections to the treatment of this litigation as a class action, and (2) any objections to the fairness, reasonableness, or adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2).

"Preliminary approval of a class action settlement, in contrast to final approval, is at most a determination that there is . . . 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011). A court should preliminarily approve a proposed settlement of a class action where it "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives." *See In re Motor Fuel Temperature Sales Practices Litig*., 286 F.R.D. 488, 492 (D. Kan. 2012) (internal

quotation marks omitted). Although the standards for preliminary approval of a class action settlement are not as stringent as they are in the second stage, *id.*, the standards used in the second stage inform the Court's preliminary inquiry.

The Court previously determined that the Class and the claims asserted by the Class in this action can and should be certified under Rule 23(b)(3). (Doc. 187, at 27). The class for the purposes of settlement is the same:

> All Filipino nationals who obtained H-2B visas at any time from January 1, 2008 through December 31, 2014, who were admitted to the United States as H-2B temporary foreign workers, and for whom one of the Defendants was the H-2B petitioner or de facto employer upon arrival in the United States[.]

(Doc. 187, at 4; Doc. 302, at 10; *see id.*, at Ex. 2, at 3).

The Court must separately evaluate whether the settlement agreement is "fair, reasonable, and adequate" under Rule 23(e).[2] Fed. R. Civ. P. 23(e)(2); *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 238 (2d Cir. 2012).

If Plaintiffs meet the requirements for preliminary approval, the Court will direct notice to all class members who would be bound by the proposal and hold a fairness hearing to determine whether:

> it is fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of

---

[2] The fairness inquiry under Rule 23(e) does not supplant the Rule 23(a) and (b) requirements, but "function[s] as an additional requirement." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621 (1997).

payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

### III.  Analysis of Proposed Settlement Agreement

#### A.  Settlement Agreement

On November 8, 2023, the parties participated in a full-day settlement conference before Magistrate Judge Suzanne Mitchell, following substantial litigation, discovery, and one prior mediation attempt.  (Doc. 302, at Ex. 1, at 4-6).  The parties reached a tentative agreement at the settlement conference and, on January 26, 2024, signed a comprehensive Settlement Agreement.  (*Id.*, at Ex. 1, at 7; *see* Ex. 2).

The Settlement Agreement provides for a $730,000 settlement fund.  (*Id.* at Ex. 2, at 6).  The Settlement Fund will be used to pay: (1) Class Members in exchange for a release of all claims asserted or that could have been asserted in the Action on their behalf; (2) all claims for reimbursement by the Settlement Administrator for expenses associated with administering or effectuating the Settlement; (3) all claims for an award of Class Counsel's attorneys' fees; (4) all claims for Class Counsel's reasonable litigation expenses; and (5) Class Representative Service Awards.  (*Id.*)  Settlement payments to the class will be based on the damages model prepared by Class Counsel, which considers the recruiting and travel costs borne by all Class Members regardless of the duration of their stay in Clinton, Oklahoma, and damages that varied depending on the number of days the Class Member spent working for Defendants in Clinton, Oklahoma.

(*Id*. at Ex. 2, at 8).  Any remaining funds under $2,000 after distribution to the Class Members will be paid to *cy pres* beneficiary Toward Justice.  (*Id*. at Ex. 2, at 15).

The Settlement Agreement also permits Class Counsel to move for reasonable attorneys' fees, costs, and expenses in an amount not to exceed $215,000.  (*Id*. at Ex. 2, at 7).  And the Settlement Agreement permits Class Counsel to move for Service Awards of $15,000 for each of the Class Representatives.  (*Id*. at Ex. 2, at 6).

The parties have agreed to use CPT Group as the Settlement Administrator in this case.  (*Id*.)  The motion proposed direct and individual notice to be provided to Settlement Class Members via email and U.S. mail.  (Doc. 302, at 12; *see id*., at Ex. 2, at 9-10).  The Settlement Administrator or Class Counsel will also establish a settlement website with pertinent links to relevant documents and posting notice.  (*Id*. at Ex. 2, at 12).  The parties propose that class members who seek to exclude themselves from the Settlement Agreement or object to the fairness, reasonableness, or adequacy of the Settlement Agreement may do so until 60 days after the Class Member Notice was initially distributed to the objecting Class Member.  (*Id*. at Ex. 2, at 11).

**B.     Rule 23(e) Factors**

Rule 23(e) provides that a proposed settlement may only be approved after a "finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  In making this determination, "trial judges bear the important responsibility of protecting absent class members" and must be "assur[ed] that the settlement represents adequate compensation for the release of the class claims." *In re Pet Food Prods. Liab. Litig*., 629 F.3d 333, 349 (3d Cir. 2010); *see also Amchem*, 521 U.S. at 623 (noting that the Rule

23(e) inquiry "protects unnamed class members from unjust or unfair settlements affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise") (citations omitted).

To determine whether a proposed settlement is fair, reasonable, and adequate, courts consider the following factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter*, 314 F.3d at 1188.

Based on the information available to the Court, the Court notes the following, which supports preliminary approval. The proposed Settlement Agreement stems from significant negotiations and discussions between the parties, including one mediation and one ultimately successful settlement conference before a Magistrate Judge. There is no evidence that the Settlement Agreement resulted from a collusive agreement between the parties. The Court therefore finds that the negotiations were conducted fairly and honestly.

As to the second factor, the Court concludes the proposed Settlement was agreed to only after Class Counsel conducted legal research and discovery related to the strengths and weaknesses of Plaintiffs' and the Settlement Class's claims.

As to the third factor, the Court finds this factor favors the proposed Settlement. Given the uncertainty of class members' likelihood of success on the merits and entitlement to emotional distress and punitive damages, and the prospects of prolonged litigation, the Court finds that immediate recovery outweighs the time and costs inherent in litigation. Thus, the Court finds this factor supports granting preliminary approval.

As to the fourth factor, the parties believe the Settlement Agreement is fair and reasonable. Plaintiffs' counsel has extensive experience in class action litigation, wage and hour lawsuits, and lawsuits asserting claims under the prohibition against forced labor, and states that he has negotiated what he believes to be a fair, adequate, and reasonable settlement. (Doc. 302, at Ex. 1, at 8). Preliminarily approving the Settlement Agreement will allow the Court to determine whether there are other members of the class who challenge the fairness of the parties' proposed Settlement Agreement. Should any class member find the terms of the Settlement Agreement unfair, he or she may choose not to join the settlement and to litigate independently or to remain in the case and file objections to the Settlement Agreement detailing why it is unfair under the Rule 23 factors. The Court finds that the presumption of fairness is sufficient to preliminarily approve the terms of the proposed Settlement Agreement.

### IV.  Findings

The Court preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing.

The Court appoints CPT Group as Settlement Administrator.

The Court finds that the Notice and all forms of Notice to the Class as set forth in the Settlement Agreement and corresponding exhibits is reasonably calculated to, under the circumstances, apprise the members of the Class of the pendency of this action, the certification of the Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program aligns with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances.

The Court approves the Notice Program, including the proposed Notice documents attached as exhibits to the Settlement Agreement. The Court also approves the plan for claims administration, including the Claim Form. The Parties may, by agreement, revise the Notice and Claims Form in ways that are not material, or in ways appropriate to update those documents for purposes of accuracy or formatting.

**A fairness hearing ("Final Approval Hearing" or "Fairness Hearing") will be held before this Court on Thursday, August 22, 2024, at 10:00 a.m., at the United States District Court for the Western District of Oklahoma**, located at 200 NW 4th Street, Oklahoma City, Oklahoma 73102, or by videoconference or telephonic means, to consider: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a final judgment should be entered; (c) whether to award payment of attorneys' fees, costs, and expenses to Class Counsel and in what amount; and (d) whether to award payment of a service award to the Class Representatives and in what amount. **The Court may adjourn the Fairness Hearing**

**without further notice to Class Members.** If the Court chooses to hold the Fairness Hearing by videoconference or telephonic means, notice will be posted on the Settlement Website.

To protect its jurisdiction to consider the fairness of the Settlement Agreement and to enter a final order and judgment having binding effect on all Class Members, the Court enjoins all members of the Class, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address rights or claims of any Released Party or Class Member relating to, or arising out of, any of the Released Claims. This prohibition will be effective upon notice to members of the class.

Class Members shall be bound by all determinations and judgments concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

The Court stays and suspends all case deadlines until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

Counsel for the parties may use all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

If this Settlement Agreement is terminated under its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, this Order and all preliminary and/or final findings regarding this Order shall be automatically vacated upon notice of the same to

the Court, and the Action will return to the procedural posture in effect before entry of this Order.  Neither party nor counsel shall refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendants under Rule 23 of the Federal Rules of Civil Procedure.

The Settlement Agreement is not a concession or admission, and shall not be used against Defendants or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Defendants or any of the Released Parties.  Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding, or conduct related to the Settlement Agreement, nor any reports or accounts of them, will in any event be:

1. construed as, offered, or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by Defendants or any of the Released Parties of any liability, fault, wrongdoing, omission, concession, or damage; or

2. disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil or administrative action or proceeding, except for purposes of settling the Action pursuant to the Settlement Agreement and by the Parties for purposes of enforcing the Settlement Agreement.

V.      **Summary of Deadlines**

The preliminarily approved Settlement Agreement shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| **Event** | **Deadline** |
|---|---|
| Grant of Preliminary Approval Order | April 24, 2024 |
| Send Notice and Claim Form to Class Members by e-mail or U.S. mail and post the Notice and Claim Form on the Settlement Website | 15 business days after Preliminary Approval Order |
| Class Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses | 21 calendar days after Preliminary Approval Order |
| Objection Deadline | 60 calendar days after Notice is initially distributed to the Class Member |
| Opt-Out Deadline | 60 calendar days after Notice is initially distributed to the Class Member |
| Deadline for the Parties to respond to any objections or to file any required papers in support of approval of the Settlement Agreement | Seven calendar days before the Final Approval Hearing |
| Defendants to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Seven calendar days before the Final Approval Hearing |
| **Final Approval Hearing** | 110 days after Preliminary Approval Order (at minimum) **August 22, 2024 @ 10:00 a.m.** |

**SO ORDERED** this 24th day of April, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE