UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MADELYN CASILAO, HARRY LINCUNA, and ALLAN GARCIA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>HOTELMACHER LLC, dba HOLIDAY INN EXPRESS; STEAKMACHER, LLC, dba MONTANA MIKE'S STEAKHOUSE; SCHUMACHER INVESTMENTS, LLC, dba WATER ZOO; APEX USA, INC.; WALTER SCHUMACHER; and CAROLYN SCHUMACHER,<br><br>    Defendants. | Case No.: CIV-17-800-AMG |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

RELEVANT BACKGROUND ................................................................................................. 1

ARGUMENT .............................................................................................................................. 3

    I.    LEGAL STANDARD ................................................................................................ 3

    II.    THE COURT HAS ALREADY CERTIFIED THE CLASS ........................................ 4

    III.    THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE, AND WARRANTS FINAL APPROVAL. ................. 5

        A.    The Class Representatives and Class Counsel Have Adequately Represented the Class. ................... 5

        B.    The Proposed Settlement Was Negotiated Fairly and Honestly at Arm's-Length. .............................. 6

        C.    The Settlement Provides The Class With Guaranteed Immediate Relief, Without the Uncertainty of Continued Expensive Protracted Litigation. .............. 8

        D.    The Parties and their Counsel Agree That The Settlement is Fair and Reasonable. ................................... 10

        E.    The Method of Distributing Relief Will Be Equitable and Effective ....................................................... 11

        F.    The Proposed Attorney' Fees Are Reasonable. ................................. 11

    IV.    THE NOTICE PROVIDED SATISFIES RULE 23 AND DUE PROCESS ........................................... 12

CONCLUSION .......................................................................................................................... 13

# **TABLE OF AUTHORITIES**

## **CASES**

*Chavez Rodriguez v. Hermes Landscaping, Inc.*,
  No. 17-2142-JWB-KGG, 2020 WL 3288059 (D. Kan. June 18, 2020) ............... 8, 9

*Harris v. Chevron U.S.A., Inc.*,
  No. CIV-15-0094-PRW, 2019 WL 5846917 (W.D. Okla. July 29, 2019) .............. 7

*Jones v. Nuclear Pharmacy, Inc.*,
  741 F.2d 322 (10th Cir. 1984) ...................................................................... 4, 6, 8, 10

*McNeely v. National Mobile Health Care, LLC*,
  No. CIV–07–933–M, 2008 WL 4816510 (W.D. Okla. Oct. 27, 2008) ............. 7, 10

*O'Dowd v. Anthem, Inc.*,
  No. 14-CV-02787-KLM-NYW, 2019 WL 4279123
  (D. Colo. Sept. 9, 2019) ........................................................................................ 7, 8

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
  314 F.3d 1180 (10th Cir. 2002) ......................................................... 4, 5, 6, 7, 8, 10

*Sprint Communications Co., L.P. v. APCC Services, Inc.*,
  554 U.S. 269 (2008) ................................................................................................ 8

## **STATUTES AND RULES**

18 U.S.C. § 1589 ............................................................................................................ 2, 9

Fed. R. Civ. P. 23(b) ........................................................................................................... 4

Fed. R. Civ. P. 23(c) ......................................................................................................... 12

Fed. R. Civ. P. 23(e) ................................................................................................. *passim*

# INTRODUCTION

Plaintiffs Madelyn Casilao, Harry Lincuna, and Allan Garcia (collectively, "Plaintiffs") respectfully move under Federal Rule of Civil Procedure 23(e), for final approval of a class action settlement between themselves and Defendants Hotelmacher LLC, dba Holiday Inn Express; Steakmacher, LLC, dba Montana Mike's Steakhouse; Schumacher Investments, LLC, dba Water Zoo; Apex USA, Inc.; Walter Schumacher; and Carolyn Schumacher ("Defendants") (together with Plaintiffs, the "Parties"), and entry of the proposed Final Approval Order attached as Exhibit 1 to the Declaration of George Warner filed contemporaneously with this Motion.[1] The proposed settlement, if approved, will resolve the claims asserted by Plaintiffs and will provide substantial monetary benefit to Class Members.[2]

# RELEVANT BACKGROUND

For a complete recitation of the history of this litigation, Plaintiffs refer to the descriptions provided in the motion for preliminary approval, Dkt. No. 302, and the application for attorneys' fees and expenses, Dkt. No. 311. In brief, in 2017, the named Plaintiffs brought suit on behalf of a class of 23 Filipino workers against Walter Schumacher, Carolyn Schumacher, and a number of corporate defendants owned by them

---

[1] Defendants' counsel has reviewed the proposed Final Approval Order and has advised that Defendants do not oppose the relief requested herein.

[2] All capitalized terms that are not otherwise defined in this memorandum have the meanings ascribed to them in the Settlement Agreement, which was submitted to the Court with the motion for preliminary approval of the settlement. Settlement Agreement, Dkt. No. 302-2.

for allegedly violating 18 U.S.C. § 1589's prohibition against Forced Labor and allegedly breaching contracts made with the Class and the Filipino government.  Dkt. No. 1, Complaint ¶¶ 7, 103-36.  In September 2021, after substantial discovery, the Court granted the Plaintiffs' class certification motion.  Dkt. No. 187.  The Court then appointed Class Counsel and approved a plan for direct and indirect notice to the Class.  Dkt. Nos. 197, 203.  No Class Member contacted Class Counsel to opt-out of the Class following distribution of the class notice.  Dkt. No. 302-1 ¶ 14.  After further discovery, the Parties entered into a settlement agreement resolving the Class's claims on January 26, 2024.  Dkt. No. 302-2.

        This Court preliminarily approved the class settlement on April 24, 2024, appointed a Settlement Administrator, and approved the proposed plan for notifying the Class of the Settlement and Final Approval Hearing.  Dkt. 310 (the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, the Settlement Administrator sent notice to Class Members and began processing claims, as described further below.  The deadline for objections and opt-out requests was set for July 15, 2024. *Id.* at 12.  No Class Member filed an objection or opt-out request.  Declaration of Laura Singh ¶¶ 11, 13.[3]

        On May 15, 2024, Plaintiffs filed their unopposed motion for attorneys' fees and expenses and for Class Representative Service Awards.  Dkt. No. 311.  That motion

---

[3] The Declaration of Laura Singh, case manager at the Settlement Administrator, is being filed contemporaneously with this Motion.

2

remains pending. The Final Approval Hearing is scheduled for August 22, 2024. Dkt. No. 310.

Plaintiffs now submit their unopposed Motion for Final Approval of the Settlement.

## ARGUMENT

### I. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 23(e)(2), to grant final approval of a class action settlement, the Court must first determine whether the proposed settlement is "fair, reasonable, and adequate after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . ; and (D) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(A)–(D). In determining whether the relief provided is adequate, courts must also consider: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C)(i)–(iv).

Additionally, the Tenth Circuit has identified four factors[4] (partially overlapping with the Rule 23(e)(2) factors) to be considered in assessing whether a settlement is fair, reasonable, and adequate: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties and their counsel that the settlement is fair and reasonable. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984); *see also Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

This Court made a preliminary finding on April 24, 2024 that the Settlement preliminarily met the requirements above. Dkt. No. 310. After a highly effective notice process, in which 21 out of 23 Class Members submitted claims to the Settlement Administrator, no objections were raised to the proposed Settlements and no Class Member requested to opt out. Thus, all of the above factors uniformly weigh in favor of final approval of the settlement.

## II.   THE COURT HAS ALREADY CERTIFIED THE CLASS.

The Court already determined that the Class and its claims asserted in this action can and should be certified under Rule 23(b)(3). Dkt. No. 187; Dkt. No. 310 at 4. There are no changes to the composition of the Class or the claims that will be resolved by the

---

[4] The *Jones* factors largely overlap the Rule 23(e)(2) factors, with the exception of the fourth factor, which will be addressed independently.

4

Settlement Agreement.  *Compare*, Dkt. No. 187 at 4 *with* Settlement Agreement, Dkt. No. 302-2 ¶ III.B; *see also* Fed. R. Civ. P. 23(e)(1) advisory committee's note to 2018 amendment.  ("If the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted.")

### III. THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE, AND WARRANTS FINAL APPROVAL.

Each of the Rule 23(e)(2) and *Jones/Rutter* factors weigh in favor of final approval.

#### A. The Class Representatives and Class Counsel Have Adequately Represented the Class.

The Class Representatives and Class Counsel have adequately represented the Class.  The Tenth Circuit uses two factors to determine adequacy: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Rutter*, 314 F.3d at 1187–88 (citation omitted).  There are no conflicts of interest between the named plaintiffs, their counsel, and the other class members.  Dkt. No. 187 at 16.  This Court already found at the class certification stage that there was "no reason to question that Plaintiffs and their counsel will adequately protect the interests of the class."  Dkt. No. 187 at 16.

Further, Class Counsel has vigorously litigated this case.  Counsel has engaged in significant discovery, including reviewing over 30,000 pages of documents, engaging two human trafficking experts, taking twelve depositions, and defending seven

5

depositions. Dkt. No. 302-1 ¶ 10(b), (c), (d), (e). Class Counsel also engaged in extensive motion practice and successfully opposed Defendants' seven motions to dismiss all claims and strike the class allegations, obtained class certification, a protective order, discovery sanctions requiring supplemental discovery, and has successfully defeated an attempt to have the case reviewed by the Tenth Circuit on an interlocutory appeal. *Id.* at ¶ 10(a), (g), (h), (i), (k).

The Class Representatives have also adequately represented the Class. Each Class Representative has produced relevant documents and been deposed. *Id.* ¶ 10(b), (e). Ms. Casilao came to Oklahoma for the judicial settlement conference with Judge Mitchell and the other Class Representatives were available by phone during each of the parties' all-day settlement discussions. *Id.* at ¶¶ 11, 12. And all Class Representatives have been instrumental in identifying other members of the Class to make sure that they are aware of the possible settlement in this case. *Id.* at ¶ 15.

The Plaintiffs and Class Counsel have adequately represented the Class by vigorously litigating to protect the Class's interests, so this factor weighs in favor of granting final approval. *See Jones*, 741 F.2d at 324; *Rutter*, 314 F.3d at 1187–88.

### B. The Proposed Settlement Was Negotiated Fairly and Honestly at Arm's-Length.

The settlement was negotiated fairly and honestly at arm's-length. Rule 23(e)(2)(B) requires the settlement be the product of "arm's-length" negotiations between the parties. *See* Fed. R. Civ. P. 23(e)(2)(B) That overlaps the first *Jones/Rutter* factor, which requires the settlement to be "fairly and honestly negotiated." *See Jones*, 741 F.2d

6

at 324; *see also Rutter*, 314 F.3d at 1188.  "The fairness of the negotiating process is to be examined 'in light of the experience of counsel, the vigor with which the case was prosecuted, and [any] coercion or collusion that may have marred the negotiations themselves.'" *McNeely v. Nat'l Mobile Health Care, LLC*, No. CIV–07–933–M, 2008 WL 4816510, at *11 (W.D. Okla. Oct. 27, 2008) (alteration in original) (citation omitted).  Where a settlement results from arm's-length negotiations between experienced counsel, "the Court may presume the settlement to be fair, adequate and reasonable." *O'Dowd v. Anthem, Inc.*, No. 14-CV-02787-KLM-NYW, 2019 WL 4279123, at *13 (D. Colo. Sept. 9, 2019) (citations omitted).  Moreover, "[u]tilization of an experienced mediator during the settlement negotiations supports a finding that the settlement is reasonable, was reached without collusion, and should therefore be approved." *Harris v. Chevron U.S.A., Inc.*, No. CIV-15-0094-PRW, 2019 WL 5846917, at *3 (W.D. Okla. July 29, 2019).

        The parties engaged in significant, prolonged negotiations to reach a settlement in this case, including two full-day settlement discussions, and multiple additional discussions between the parties.  Dkt. No. 302-1. ¶¶ 11-13.  *First*, the parties attended a mediation on April 12, 2023, with highly respected mediator Joe Hampton.  *Id.* ¶ 11.  *Second*, the parties attended a settlement conference on November 8, 2023, before the Honorable Magistrate Judge Suzanne Mitchell.  *Id.* ¶ 12.  In the weeks that followed the settlement conference, the Parties continued to negotiate the remaining terms of the Settlement and drafted a comprehensive Settlement Agreement.  *Id.* ¶ 13.  In granting

7

preliminary approval, this Court has already found that the negotiations were conducted fairly and honestly.  Dkt. No. 310 at 7.

That the Settlement was the product of well-informed and arm's-length neutrally supervised negotiations weighs in favor of granting final approval under Rule 23(e)(2)(B).  *See* Fed. R. Civ. P. 23(e)(2)(B); *Jones*, 741 F.2d at 324; *Rutter*, 314 F.3d at 1188.

### C. The Settlement Provides The Class With Guaranteed Immediate Relief, Without the Uncertainty of Continued Expensive Protracted Litigation.

Here, "serious questions of law and fact exist where disputes between the parties . . . 'could significantly impact this case if it were litigated.'"  *O'Dowd*, 2019 WL 4279123, at *13 (citation omitted); *see also Chavez Rodriguez v. Hermes Landscaping, Inc.*, No. 17-2142-JWB-KGG, 2020 WL 3288059, at *3 (D. Kan. June 18, 2020) ("'whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt' and 'whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation'"—"largely overlap" with Rule 23(e)(2)(C)(i) (citation omitted)).  Thus, at the preliminary approval stage, this Court found that "[given] the uncertainty of the class members' likelihood of success on the merits and entitlement to emotional distress and punitive damages, and the prospects of prolonged litigation, the immediate recovery outweighs the time and costs inherent in litigation." Dkt. No. 310 at 8.

While Plaintiffs strongly believe in the merits of their case, they also understand that there are a number of barriers to recovery should litigation continue.  "If

8

the case were to move forward in litigation, there are serious questions of law and fact that place Class Members' ability to recover in jeopardy." *Chavez*, 2020 WL 3288059, at *3. This case was pursued under the prohibition against forced labor found in 18 U.S.C. § 1589, which was first enacted less than 25 years ago. The underlying claims present novel and difficult questions related to the scope of 18 U.S.C. § 1589, including the legal standard for establishing liability under subsections (a)(3), which imposes liability where a defendant has obtained labor "by means of the abuse or threatened abuse of law or legal process," and (a)(4), which imposes liability where a defendant has obtained labor "by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm." 18 U.S.C. § 1589(a)(3)–(4).[5] Namely, there is a risk that:

1. The Court would decertify the class, as requested by Defendants, either now or at trial. *See* Dkt. No. 219.

2. A jury would not find that Defendants' conduct rises to the level of a violation of forced labor, or that Defendants lacked the *mens rea* necessary to commit a violation of forced labor. *See id.*

3. A jury could award limited emotional distress damages or limited or no punitive damages.

Here, the Settlement Agreement guarantees the Class Members a recovery that is in line with jury awards of other similar cases without the "costs, risks, and delay

---

[5] *See, e.g.*, Dkt. No. 292, Opposition to Amended Motion for Order Decertifying Class at 11-14 (discussing ability to prosecute claim under subsection (a)(4) through classwide evidence), 14-16 (discussing ability to prosecute claim under subsection (a)(3) through classwide evidence).

of trial and appeal." Fed. R. Civ. P. 23(e)(2)(C)(i). And the value of this settlement far "outweighs the mere possibility of future relief" because it avoids the time, cost, expense and delay of continuing to litigate the case. The Class "is better off receiving compensation now as opposed to being compensated, if at all, several years down the line, after the matter is certified, tried, and all appeals are exhausted." *See McNeely*, 2008 WL 4816510, at *13.

That there exists serious questions of fact or law, which place the ultimate outcome of the expensive and protracted litigation in doubt, combined with its elimination of the risks and delay of trial and potential appeal, weighs in favor of granting final approval under Rule 23(e)(2)(C). *See* Fed. R. Civ. P. 23(e)(2)(C)(i); *see also Jones*, 741 F.2d at 324; *Rutter*, 314 F.3d at 1188.

### D. The Parties and their Counsel Agree That The Settlement is Fair and Reasonable.

"Counsels' judgment as to the fairness of the agreement is entitled to considerable weight." *McNeely*, 2008 WL 4816510, at *13 (citations omitted). As this Court found in preliminarily approving the settlement, "Plaintiffs' counsel has extensive experience in class action litigation, wage and hour lawsuits, and lawsuits asserting claims under the prohibition against forced labor. . . ." Dkt. No. 310 at 8. Plaintiff's counsel believes the settlement is fair, adequate, and reasonable. *See e.g.,* Dkt. No. 302-1 ¶ 19. Given Plaintiff's counsels' significant experience, skill, and vigorous litigation of this matter, their judgment that the settlement is fair, reasonable, and adequate weighs in favor of final approval of the settlement.

### E. The Method of Distributing Relief Will Be Equitable and Effective

The distribution method is designed to be as easy as possible for Class Members. Class Members are able to request electronic payments or checks through a claim form, which can be submitted through the Settlement Administrator's website or mailing it to the Settlement Administrator. Dkt. No. 302-1 ¶ 9. Moreover, Class Members do not need to submit a claim to receive a settlement payment. If a Class Member does not fill out a claim form, a check will be sent to the Class Member's last known address. Settlement Agreement ¶ VII.C. The Settlement Administrator is also able to process payments to foreign countries, where some Class Members now live. Dkt. No. 302-1 ¶ 9.

As reported by the Settlement Administrator, 21 out of 23 Class Members have submitted claim forms through this process.

### F. The Proposed Attorney' Fees Are Reasonable.

The Settlement Agreement authorizes Class Counsel to seek no more than $215,000 in attorneys' fees and litigation costs. Plaintiffs filed an unopposed motion for costs, attorneys' fees, and Class Representative service awards on May 15, 2024, that is still pending before this Court. Dkt. No. 311. Plaintiffs incorporate by reference that motion and memorandum in support in its entirety for the sake of brevity. Dkt. No. 311.

\* \* \*

In sum, the settlement is fair, reasonable, and adequate, warranting final approval, and all Rule 23(e)(2)(C) and *Jones/Rutter* factors weigh in favor of approval.

## IV. THE NOTICE PROVIDED SATISFIES RULE 23 AND DUE PROCESS

As the Court preliminarily found, the Notice to the Settlement Class satisfies the requirements of Rule 23(c)(2)(B), which requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); Dkt. No. 310 at 9.

Here, the Settlement Administrator employed direct notice by email and direct mail that appears to have been highly effective. *See generally* Singh Decl. On April 24, 2024, the Settlement Administrator received a class list containing contact information for the 23 Class Members. *Id.* ¶ 5. On May 15, 2024, the Settlement Administrator disseminated Summary Notices via email and U.S. First Class mail to the Class Members. *Id.* ¶¶ 7-9.

Notice was also provided to Settlement Class Members via indirect means. In addition to the Settlement Website established by the Settlement Administrator, Warner Decl. ¶ 9, Class Counsel posted a link to the Settlement Website on their website and redirected their case webpage to the Settlement Website. *Id.* ¶ 10. The settlement was also reported in both local and national news sources, including the Clinton Daily and Reuters. *Id.* ¶ 11.

The Settlement has been well-received by the Settlement Class. The deadline for Settlement Class Members to submit a dispute, claim, or objection to the settlement was July 15, 2024. No Class Member has opted out or filed objections to the Settlement. Singh Decl. ¶¶ 11, 13; Warner Decl. ¶ 12. As of August 15, 2025, CPT had received 21 valid claims. Singh Decl. ¶ 14.

Plaintiffs submit that the notice issued pursuant to the Settlement Agreement meets the requirements of due process and the Federal Rules of Civil Procedure, further supporting final approval of the settlement.

## CONCLUSION

For the above reasons, this Court should grant the Plaintiffs' Unopposed Motion for Final Approval and enter the proposed Final Approval Order.

Dated: August 15, 2024                    Respectfully Submitted,

/s/ Catherine Fisher
Meghan Lambert (OBA #33216)
ACLU OF OKLAHOMA
P.O. Box 13327
Oklahoma City, OK 73113
Telephone:   (405) 525-3831
Facsimile:   (405) 524-2296
Email:       mlambert@acluok.org

George Warner, Pro Hac Vice
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone:   (415) 864-8848
Facsimile:   (415) 593-0096
Emails:      gwarner@legalaidatwork.org

Eben Colby, Pro Hac Vice
Catherine Fisher, Pro Hac Vice
500 Boylston Street, 23rd Floor
Boston, MA 02116
Telephone:   (617) 573-4800
Facsimile:   (617) 573-4822
Emails: Eben.Colby@probonolaw.com
        Catherine.Fisher@probonolaw.com

13

Alyssa Musante, Pro Hac Vice
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone:   (213) 687-5223
Facsimile:    (213) 621-5223
Email: Alyssa.Musante@probonolaw.com

Christopher J. Willett, Pro Hac Vice
Caitlin Boehne, Pro Hac Vice
EQUAL JUSTICE CENTER
510 Congress Ave., Ste. 206
Austin, Texas 78704
Telephone:   (512) 474-0007
Facsimile:    (512) 474-0008
Emails: cwillett@equaljusticecenter.org
         cboehne@equaljusticecenter.org

***Attorneys for Plaintiffs***