# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MADELYN CASILAO, HARRY LINCUNA, and ALLAN GARCIA, on behalf of themselves and all others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>HOTELMACHER LLC, dba HOLIDAY INN EXPRESS; STEAKMACHER, LLC, dba MONTANA MIKE'S STEAKHOUSE; SCHUMACHER INVESTMENTS, LLC, Dba WATER ZOO; APEX USA, INC.; WALTER SCHUMACHER; and CAROLYN SCHUMACHER,<br><br>　　Defendants. | Case No. CIV-17-800-AMG |

## FINAL APPROVAL ORDER AND JUDGMENT

This Class Action[1] came before the Court for hearing on August 22, 2024, to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Preliminary Approval Order dated April 24, 2024. Due notice having been given and the Court having been fully advised in the premises, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.　　The Court has jurisdiction over the subject matter of the Class Action and over all Parties, including all members of the Class.

---

[1] All capitalized terms not otherwise defined in this Final Approval Order and Judgment shall have the same meaning as in the Settlement Agreement.

2. The Court previously determined that the Class and the claims asserted by the Class in this action can and should be certified under Rule 23(b)(3). (Doc. 187, at 27.) The class for the purposes of settlement is the same:

> All Filipino nationals who obtained H-2B visas at any time from January 1, 2008 through December 31, 2014, who were admitted to the United States as H-2B temporary foreign workers, and for whom one of the Defendants was the H-2B petitioner or de facto employer upon arrival in the United States[.]

(Doc. 187, at 4; Doc. 302, at 10; *see id.*, at Ex. 2, at 3).

3. The Court maintains the appointment of Madelyn Casilao, Harry Lincuna, and Allan Garcia as Class Representatives for the Class, and George Warner, Catherine Fisher, Eben Colby, Alyssa Musante, Caitlin Boehne, Christopher Willet, and Megan Lambert as Class Counsel.

4. The Court hereby finds that the Class has received proper and adequate notice of the Settlement, the Final Approval Hearing, and Class Counsel's application for costs, attorneys' fees and Class Representative Service Awards, such notice having been given in accordance with the Preliminary Approval Order. Such notice included direct notice to all members of the Class who could be identified through reasonable efforts, as well as notice through the dedicated Settlement Website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the claims procedure and the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 and the requirements of due process.

5.     The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6.     Pursuant to Rule 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Class, and more particularly finds that:

(a)     The Settlement was negotiated vigorously and at arm's length, under the auspices of experienced, neutral mediators, by Defendants' Counsel on the one hand, and by Class Counsel on behalf of the Class Representatives and the Class on the other hand;

(b)     Class Representatives and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)     If the Settlement had not been achieved, Class Representatives and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)     The amount of the Settlement – $730,000.00 – is fair, reasonable, and adequate, considering the costs, risks, and delay of trial and appeal. The method of distributing the Net Settlement Fund ("NSF") is fair and efficient. The Settlement terms related to attorneys' fees and costs and Service Awards to Class Representatives do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Rule 23(e)(2)(C)(iv);

(e) At all times, the Class Representatives and Class Counsel have acted independently of Defendants and in the interest of the Class; and

(f) No Class Member has objected to the Settlement Agreement.

7. The Court approves the plan of distribution for the Settlement Fund as set forth in the Settlement Agreement as fair, reasonable, and adequate. The Settlement Administrator is hereby ordered to comply with the terms of the Settlement Agreement with respect to distribution of the NSF to Class Members, including any additional distributions of uncashed amounts. The Settlement Administrator shall have final authority to determine the share of the NSF to be allocated to each Class Member in accordance with the Settlement Agreement. If the remaining uncashed amounts of the NSF are less than $2,000, the Court hereby approves Towards Justice as the *cy pres* recipient. The Court finds this organization is closely aligned with the Class's interests and the underlying legal claims.

8. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

9. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Section VIII.A of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the date of this Order.

10. The Court orders that, as of the date of this Order, the Plaintiffs and each Class Member fully, finally, and forever release, settle, and compromise any and all claims, counterclaims, cross-claims, defenses, controversies, and causes of action against

Defendants that arise out of their employment and/or any other previous dealings with the Defendants during the Release Period (including any claims in contract, tort, equity, statute, common law, or otherwise that were or could have been asserted against Defendants in this Action) (the "Plaintiffs' Released Claims"). This release extends to Defendants and their respective related individuals/entities, agents, employees, principals, representatives, attorneys-in-fact, legal counsel, predecessors, successors, and assigns (the "Released Parties").

11. The Court further orders that the Defendants fully, finally, and forever release, settle, and compromise any and all claims, counterclaims, cross-claims, defenses, controversies, and causes of action they may have against Plaintiffs and each Class Member that arise out of the Plaintiffs' and each Class Member's employment and/or any other previous dealings with the Defendants during the Release Period (including any claims in contract, tort, equity, statute, common law, or otherwise that were or could have been asserted against the Plaintiffs or each Class Member in this Action) (the "Defendants' Released Claims").

12. The Plaintiffs and the Class Members, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Plaintiff's Released Claims.

13. The Defendants, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Plaintiffs

and/or the Class Members in any action or proceeding alleging any of the Defendants' Released Claims.

14. The Settlement Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order and/or this Final Approval Order.

15. The Court finds that the Fee Award and Class Representative Service Awards requested in Plaintiff's Unopposed Motion for Costs, Attorneys' Fees, and Class Representative Service Awards (Doc. 311) are fair and reasonable based on the efforts undertaken by Class Counsel and Class Representatives on behalf of the Class.

16. Class Counsel is awarded a Fee Award in the amount of $145,927.42 in attorneys' fees and $69,072.58 in costs, such amounts to be paid out of the Settlement Fund within ten calendar days after the Date of Finality of the Settlement. The Court finds that Class Counsel's efforts in this litigation and the results achieved on behalf of the Class merit an award of the requested attorneys' fees. Further, the Court finds that the costs incurred by Class Counsel were reasonable and necessary in the prosecution of this litigation, such that payment of the requested costs is warranted.

17. The Class Representatives are each awarded $15,000.00 as a Service Award for reasonable costs and expenses directly relating to the representation of the Class, such amounts to be paid from the Settlement Fund within ten calendar days after the Date of Finality of the Settlement.

18. The operative Complaint in the Action and all claims asserted therein are hereby dismissed with prejudice and without costs to any of the Parties and Released Parties other than as provided for in the Settlement Agreement.

19. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, this Final Approval Order, the Settlement Agreement, or the termination of the Settlement Agreement. The Court shall also retain continuing jurisdiction over the Settlement Fund.

20. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

21. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and the Action shall revert to its status as of the day immediately

before the day the Settlement was executed. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

22. Within 21 calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution, and any other information as set forth in the Settlement Agreement.

23. The Court hereby enters judgment on all claims, counts and causes of action alleged in the Action. Notwithstanding the reservation of jurisdiction in Paragraph 19 of this Final Approval Order, this is a final and appealable judgment that ends the litigation of the Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

**SO ORDERED, ADJUDGED AND DECREED** this 22nd day of August, 2024.

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE